Nonah L. HIGHFILL, Appellant,

v.

Otis R. BOWEN, Secretary, Department of Health and Human Services, Appellee.

No. 86–2437.

United States Court of Appeals, Eighth Circuit.

Submitted March 23, 1987.

Decided Oct. 27, 1987.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Nonah L. Highfill appeals from a final judgment entered in the District Court for the Eastern District of Arkansas affirming the decision of the Secretary of Health and Human Services (Secretary) denying her claim for a period of disability and disability insurance. *Highfill v. Brown*, No. LR-C–85–698 (E.D.Ark. Oct. 30, 1986). For reversal, Highfill argues that (1) the Secretary was estopped from determining that she was not fully and currently insured for disability insurance benefits by a prior inconsistent decision on the same issue, (2) the Secretary erroneously excluded wages earned in domestic work, and (3) she was deprived of a full and fair hearing because of a lack of counsel. For the reasons discussed below, we reverse and remand.

Highfill applied for disability insurance benefits in March 1984. Her application listed "Lynn Whalin (dtr.)" as her employer, with "babysitting" noted parenthetically, and wages of $25 per week. The Secretary denied the application on the basis that Highfill had insufficient quarters of coverage and earnings to meet the insured status requirement.

After receiving information that Highfill had had problems with her social security number, her application was reconsidered. During this process, the agency obtained the following documents: (1) Highfill's W–2 form for 1983, showing "Linnie C. Whalin, the Nu–Lok" as employer and $87.08 social security tax withheld; (2) Highfill's statement certifying that she had worked for her daughter since 1978, and (3) a "Statement of Employer" showing Highfill's occupation as "babysitter," the business name of the employer as "Linnie C. Whalin- The Nu–Lok," the nature of the business as "beauty shop," and "Linnie C. Whalin (Owner)" as the name and title of the employer. The agency decided that Highfill met the earnings requirement and proceeded with a medical evaluation. *See In re Highfill*, No. 431–38–3309, slip op. at 2 (Feb. 19, 1985) (decision of the ALJ). The

James W. Stanley, Jr., North Little Rock, Ark., for appellant.

Karen J. Behner of the Dept. of Health & Human Services, Dallas, Tex., for appellee.

application for benefits was denied on the basis that there was no disability. *Id.* Highfill then requested a hearing before an administrative law judge (ALJ) on the unfavorable disability determination.

At the hearing on November 19, 1984, Highfill appeared with her daughter, Lynn Whalin. In response to the ALJ's questioning, Highfill acknowledged her right to be represented by an attorney but stated that she could not afford such representation. She further stated that she "really didn't know how to go about" obtaining free legal services although she knew that such services existed. She stated that she was willing to proceed without an attorney.

The ALJ indicated that the purpose of the hearing was to consider whether Highfill was able to engage in substantial work activity. The ALJ focused on Highfill's medical history and physical condition but also questioned her briefly regarding her most recent employment as a babysitter for Whalin's children.

Highfill testified that Whalin had paid social security taxes on her weekly wages for six years from 1978 to 1984. When Whalin asked the ALJ about the propriety of paying these taxes, the ALJ responded he was not familiar with the requirements and was interested only in determining whether Highfill was disabled.

The ALJ conducted a supplemental hearing on November 20, 1984, to obtain further evidence on Highfill's "work activity as a babysitter." Responding to questions concerning her babysitting, Highfill testified that she babysat for Whalin's children in her own home because Whalin was employed and the daycare center did not provide adequate care.

In a decision dated February 19, 1985, the ALJ formulated the issue as "whether the claimant's earnings record may be credited with wages for her earnings as a babysitter in the employ of her daughter during the years 1978 through 1984." Decision of the ALJ, slip op. at 1. The ALJ noted that a babysitter caring for another's child in the babysitter's home is generally not considered to be an employee because of the absence of direction and control indicative of an employer-employee relationship. *Id.* at 3. The ALJ further noted that under 20 C.F.R. § 404.1015, "services of a domestic nature (such as babysitting) performed by a parent as an employee of his or her son or daughter, but not in the private home of the son or daughter ... are excluded in computing quarters of coverage and earnings." *Id.* at 2. The ALJ found that Highfill's work activity as a babysitter was excluded from covered employment and that she therefore failed to establish insured status for disability benefits. *Id.*

Highfill obtained the assistance of an attorney in March 1985, and requested the Appeals Council to review the ALJ's decision. She also submitted additional information: (1) W–2 forms for the years 1978 through 1984 showing "Linnie C. Whalin, The Nu–Lok" or "The Nu–Lok" as her employer and social security tax withholdings for each year and (2) a statement of Linnie Whalin, as owner of the Nu–Lok, that Highfill was employed to "care for [her] children as [she] had started a new business and [Highfill] was able to keep them at a much lower rate" than a daycare center would have charged. The Appeals Council denied review and the ALJ's decision became the final decision of the Secretary.

Highfill then sought review in federal district court. She argued that she was employed by the Nu–Lok, a business owned by a partnership of her daughter and her son-in-law, and thus her employment as a babysitter should not have been excluded.

The district court, adopting the findings and recommendations of the magistrate, concluded that the Secretary's decision was supported by substantial evidence on the record as a whole. *Highfill v. Bowen,* No. LR–C–85–698, slip op. at 4. The court held that Highfill's babysitting work was excluded as employment under 20 C.F.R. § 404.1015(a)(3), which excludes "nonbusiness work" performed as an employee of the applicant's son or daughter. "Nonbusiness work" is defined in § 404.1059(a)(3) as services which do not promote or advance the trade or business of the employer. The district court concluded that there was no

evidence that the Nu–Lok was a corporation and thus Highfill's employment did not come within the exception of § 404.1015(b). *Id.* This appeal followed.

■ Highfill first contends that the principles of waiver, collateral estoppel, and administrative res judicata prevent the Secretary from reconsidering whether she met the earnings requirement and was insured for disability benefits. This argument is without merit. Under 20 C.F.R. § 404.-921(a) (1986), a reconsidered determination is not binding if, as in this case, a party to the reconsideration makes a timely request for a hearing before an ALJ and the ALJ renders a decision. Further, § 404.946(a) provides that the ALJ may reexamine a favorable determination if evidence presented during the hearing calls the determination into question. Moreover, contrary to Highfill's assertions, the provisions in § 404.950(f) on collateral estoppel and in § 404.957(c)(1) on res judicata do not prevent the ALJ from reexamining an issue decided at a previous level within the same nonfinal case. We thus hold that the Secretary was not estopped from reconsidering a prior administrative decision.

Highfill's second and third arguments are intertwined in that they relate to her claim that the ALJ's decision on insured status is not supported by substantial evidence on the record as a whole. Highfill argues that the Secretary wrongly excluded her wages earned as an employee of the Nu–Lok and that lack of counsel in the administrative proceedings deprived her of a full and fair hearing.

■ It is well established that "the ALJ has a duty to develop the facts fully and fairly, particularly when the claimant is not represented by counsel." *Driggins v. Harris,* 657 F.2d 187, 188 (8th Cir.1981) (per curiam). Although mere lack of counsel does not in itself deprive a claimant of a fair hearing, *see, e.g., Ware v. Schweiker,* 651 F.2d 408, 413 (5th Cir.1981), *cert. denied,* 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982), it does enhance the ALJ's duty to bring out the relevant facts. *Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir.1984). Unfairness or prejudice result-

ing from an incomplete record—whether because of lack of counsel or lack of diligence on the ALJ's part—requires a remand. *See Id.* at 1220.

■ In examining the eligibility of Highfill's babysitting work for quarters of coverage, the ALJ mentioned no exceptions to the § 404.1015 exclusion for work as an employee of a relative. The district court recognized that subsection (b) of that section, excepts work for a corporation from the exclusion. However, the district court failed to recognize that subsection (b) also excepts work performed for a partnership where a spousal or parent-child relationship does not exist between the employee and *each* partner. These exceptions apply even if the work is nonbusiness in nature.

As the Secretary correctly points out, evidence before the ALJ indicated that Highfill was employed by her daughter. There was no evidence in the administrative proceeding regarding employment by a partnership. Nonetheless, there was evidence (i.e., the 1983 W–2 form and the "Statement of Employer") indicating that the Nu–Lok was Highfill's employer and that the Nu–Lok had paid her wages and social security taxes for six years. The ALJ made no inquiry into the nature of the business to determine whether Highfill's employment came within the partnership exception of § 404.1015(b).

The documentary evidence before the ALJ plus the § 404.1015(b) exceptions put the ALJ on notice of the need for further inquiry. Because the ALJ failed to develop a full and fair record on this issue, a remand is necessary. *Kane v. Heckler,* 731 F.2d at 1219 (decision of ALJ based on insufficient facts is not supported by substantial evidence); *Dorsey v. Heckler,* 702 F.2d 597, 605 (5th Cir.1983) (gaps in record as to material facts prevent conclusion that decision is supported by substantial evidence; remand required for taking of additional evidence necessary to adjust determination).

Accordingly, the judgment of the district court is reversed and this case is remanded

for further proceedings consistent with this opinion.