**Louis B. KONING**

v.

**Otis R. BOWEN, Secretary of Health and Human Services.**

**Civ. No. L 87–40.**

United States District Court, N.D. Indiana, Hammond Division at Lafayette.

Dec. 16, 1987.

---

James F. Roth, Lafayette, Ind., for plaintiff.

Christina McKee, Asst. U.S. Atty., Fort Wayne, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This is an action brought under 42 U.S.C. 405(g) for judicial review of the Secretary's denial of the plaintiff's claim for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits, as provided respectively by Title II of the Social Security Act, §§ 216(i) and 223, and Title XVI §§ 1602, 1614(a)(3)(A), (42 U.S.C. §§ 416(i), 423 and § 1381 *et seq.*). The matter was brought to the attention of this court by the filing of a complaint on April 6, 1987. The parties have filed cross-motions for summary judgment, and the plaintiff alternatively requests a remand for further consideration. The issues have been fully briefed by both sides and the matter is, therefore, ripe for ruling.

### I.

To qualify for a period of disability and disability insurance benefits under §§ 216(i) and 223 an individual must meet the insured's status requirements of the sections, be under age 65, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined by the Act. 42 U.S.C. §§ 416(i), 423. Sections 1602 and 1614(a)(3)(A) similarly require meeting the requirements of the sections, filing application, and being under a "disability." 42 U.S.C. § 1381 *et seq.* "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The same section specifies that a person will be determined to be under a disability only if physical or mental impairments are so severe that the individual is not only unable to do previous work but, considering age, education, and work experience, he or she cannot engage in any other kind of substantial gainful work existing in the national economy, whether such work exists in the immediate area, whether a job vacancy exists for the applicant, or whether the person would be hired. *Id.*

In determining disability the Secretary employs a five-step test, 20 C.F.R. §§ 404.-1520, 416.920 (1987), addressing in order the following questions: (1) Is the claimant currently employed? (2) Is the claimant's impairment severe? (3) Does the impairment equal or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work in the national economy? *Id.* The first four steps allow some claimants to be classified "disabled" or "not disabled" based on medical or work history

alone. 20 C.F.R. §§ 404.1520(b)–(e) (1987). *Walker v. Bowen*, 834 F.2d 635, 640, note 3 (7th Cir.1987). This case was decided at the fifth step of the process which involves a determination of whether, in light of the claimant's residual functional capacity, age, education, and work experience, the claimant has the capacity to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Mr. Koning's applications were filed simultaneously on November 19, 1985, alleging the inability to work due to back problems, blood clots in the stomach, and a blood disorder. His claims were denied initially on January 19, 1986. Upon the filing of a request for reconsideration on February 25, 1986, the plaintiff's claims were denied a second time on March 13, 1986. Mr. Koning then requested a hearing which was held on May 16, 1986, before Administrative Law Judge (ALJ) Williams, who issued a decision on September 30, 1986. The ALJ's denial of benefits was affirmed by the Appeals Council on February 11, 1986, at which time it became the final decision of the Secretary and became reviewable by this court.

In denying the plaintiff benefits, the ALJ found as follows:

1. The claimant met the disability insured status requirements of the Act on February, 1985, the date the claimant stated he became unable to work, and continues to meet them through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since February 1985.

3. The medical evidence establishes that the claimant has chronic low back pain, chronic bronchitis secondary to cigarette smoking, and congenital syphilis by history without residual stigmata, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's allegations of disabling pain are not credible and are not supported by the medical evidence.

5. The claimant may be unable to perform his past relevant work as a house-keeper, a farmer, construction laborer, and a machine operator.

6. The claimant has the residual functional capacity to perform the full range of at least light work (20 CFR 404.1567 and 416.967).

7. The claimant is fifty years old, which is defined as a person closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has a high school education (20 CFR 404.1564 and 416.964).

9. Section 404.1569 of Regulations No. 4 and Section 416.969 of Regulations No. 16, and Rules 202.13, Table No. 2 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education, and work experience, he is not disabled.

10. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

The plaintiff argues that substantial evidence does not support a finding that the plaintiff has a capacity for light work. In the view of the plaintiff, the ALJ further erred by failing to make an adequate credibility determination, and by failing to adequately complete the record. Related to the last point the plaintiff objected that the transcript produced by the Secretary was inadequate for purposes of full and fair consideration.

The issue for the review of this court is whether the Secretary's decision is supported by substantial evidence, viewing the record as a whole. See, e.g. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir.1984). Where, as here, the ALJ's findings have been affirmed as the final decision of the Secretary, the ALJ's opinion as to disability must be upheld if it is supported by substantial evidence. *Walker v. Bowen*, 834

F.2d 635, 639 (7th Cir.1987); *Stephens v. Heckler*, 766 F.2d 284, 287–88 (7th Cir. 1985). The court may not re-weigh the evidence, and where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the Secretary is to resolve the conflict. *Id.; Delgado v. Bowen*, 782 F.2d 79, 82–83 (7th Cir. 1986). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (1983); *Walker*, at 639. If substantial evidence supports the Secretary's findings, the decision must be affirmed unless there has been an error of law. *Veal v. Bowen*, 833 F.2d 693 (7th Cir.1987); *Burnett v. Bowen*, 830 F.2d 731 (7th Cir.1987); *Waite v. Bowen*, 819 F.2d 1356 (7th Cir. 1987).

## II.

The plaintiff, at the time of his May 16, 1986, hearing, was fifty years old. He is a high school graduate and his prior work included heavy manual labor in the form of drilling and construction. He has worked a variety of other jobs including employment with Pepsi–Cola, and housekeeping duties for a veteran's home. In his application, he alleged a disability onset date of February, 1985. At that time he left his work as a housekeeper, moved to North Carolina, and got married. Within a short time he returned to Indiana, his marriage having failed, and sought a position at Purdue University. As part of a pre-employment physical, he was examined in October of 1985 by a Dr. Babb, who recommended that he not be hired due to the presence of bi-lateral hernias. The doctor also noted the possibility of mild emphysema. Apparently, in a later agency contact with Dr. Babb, which was dated December 4, 1985, the doctor indicated additionally that the plaintiff is unable to do lifting jobs, but the doctor did not wish to cooperate further.

After being turned down six or eight times for employment, the plaintiff settled into doing odd jobs such as painting and yard work. He viewed various other employment rejections as having stemmed primarily from the fact that his pre-employment physicals had revealed that his blood disease was, in fact, congenital syphilis.

In December of 1985, the plaintiff was interviewed and examined at the Arnett Clinic. The results were reported by Dr. John Pfrommer. Dr. Pfrommer's impression was congenital syphilis, by history, without residual stigmata, as well as chronic bronchitis, secondary to cigarette smoking. Although the examination included a urine test for specific gravity, pH, protein and sugar, which were within normal limits, no other laboratory tests were made. Dr. Pfrommer indicated that

> X-rays of the lumbosacral spine were reported by the radiologist to demonstrate normal intervertebral disc spaces and minimal anterior spurring at L2–L3 and L3–L4. The sacrum and sacroiliac joints were normal. There was no evidence of bony injury or fracture. Minimal anterior bridging was present at L5–S1. The degree of change in the apophyseal joint areas of L4–L5 and L5–S1 is moderate.

The doctor further noted phleboliths, that is, chalky masses or deposits in the veins of the pelvic region. The radiologist's impression was that the series showed some arthritic change in the lumbosacral spine, but no evidence of acute bony injury or malalignment.

In a report dated in June of 1986, an examining agency consultant, Dr. Neal Clemenson, indicated that Mr. Koning has chronic lower back pain which, although attributed to an earlier injury by the plaintiff, could be due to degenerative disease of the lumbar spine. The doctor stated that although anti-inflammatory therapy or exercise might provide some benefit, with Mr. Koning's particular type of back problem, pain is usually chronic and difficult to treat. The report noted that with the plaintiff's history of smoking and alcohol use, his stomach pain could be due to ulcer disease, pancreatitis, or liver disease; however, without an upper G.I. and other studies, etiology and prognosis could not be determined. The doctor also suspected a type of chronic obstructive pulmonary disease, indicated by symptoms of dyspnea,

which would probably be alleviated by cessation of smoking.

Dr. Clemenson's report further indicated a normal gait and the ability to ambulate without difficulty, with some trouble in straightening up after bending. The doctor noted diffuse tenderness to even extremely light touch all about the plaintiff's lumbar spine, a little bit of muscle spasm, and an exaggerated response to touching. A leg raising test was negative bilaterally and range of motion of the lumbar spine revealed 20 degrees of flexion to right and left, 30 degrees of rotation to the left, and 20 to the right, with ten degrees of extension. On flexion the plaintiff came within 25 cm of touching his toes. The doctor observed no swelling of joints, and extremities were without varicosities, ulcerations or edema, with peripheral pulsations normal. Reflexes, motor and sensory examinations were normal. The plaintiff's abdomen was described as soft with some diffuse lower quadrant tenderness. There was no liver tenderness or hepatomegaly, and bowel sounds were normal.

Dr. Clemenson also provided a medical assessment of ability to do work-related activities. In it he reported that the plaintiff's capacity for lifting and carrying is impaired by low back pain to the extent that he can lift and carry five pounds occasionally, that is, from only a small portion of the day up to ⅓ of an eight-hour day. Standing is also affected by low back pain to the extent that the plaintiff is able to stand or walk a total of four hours or one-half hour continuously. Mr. Koning was assessed as unimpaired with respect to sitting. Dr. Clemenson indicated that the plaintiff can climb, stoop, crouch, kneel, and crawl, no more than from very little, up to ⅓ of a work day due to low back pain. Although balance, reaching, handling, feeling, seeing, hearing and speaking are unrestricted, pushing and pulling abilities are affected, and excess pushing would increase back pain. The same report indicated environmental restrictions against chemicals, dust, and fumes, which would operate to increase symptoms related to the suspected chronic obstructive pulmonary disease. There is no mention of Dr. Clemenson's medical assessment of ability to do work-related functions in the ALJ's decision.

### III.

One of the subissues raised by the plaintiff is whether the ALJ erred in finding a capacity for light work. 20 C.F.R. Section 404.1567(b) defines light work as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. Section 416.967 provides:

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

The evidence of record is that the plaintiff himself stated that he had been told not to lift over five pounds. Although not mentioned in the ALJ's report, Dr. Babbs apparently informed the administration verbally that the plaintiff should be restricted from lifting. In the one and only work capacity assessment, which was provided by the agency's own examining consultant, the plaintiff was specifically restricted from lifting over five pounds, along with additional physical restrictions,

which tended to clearly remove the plaintiff from the light work classification. The ALJ neglected to discuss Dr. Clemenson's assessment. Despite the evidence of record, the ALJ found that "[t]he claimant has the residual functional capacity to perform the full range of at least light work." In so doing the ALJ stated as follows: "Considering the exertional restrictions which have been advised in the claimant's statements regarding his symptoms and activities, the undersigned believes that the claimant can meet the demands of work defined as light...." In reviewing the plaintiff's activities the ALJ had noted that Mr. Koning had done some painting and mowing, that he no longer hunts or bowls because of stomach and back pain, and that he enjoys watching sports on television. The plaintiff also stated that he has difficulty getting in and out of bed because of his back, and must be helped, and that he sometimes awakens from pain in the night. He stated that he is able to cook and clean in terms of daily, routine maintenance. The ALJ's interpretation of this evidence was that the plaintiff has a capacity for light work.

 Having carefully reviewed the case, the court finds that the finding of the Secretary with respect to residual functional capacity is unsupported by the evidence, and in part contrary to the evidence. Substantial evidence is "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burnett v. Bowen*, 830 F.2d 731 (7th Cir.1987), quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) and *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). The ALJ's decision must be based on consideration of all relevant evidence and reasons for conclusions must be stated in a manner sufficient to permit an informed review. *Burnett, supra; Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir.1985); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir.1984). Although not every piece of evidence must be discussed in detail, an ALJ may not select only evidence that favors his or her conclusion. See e.g. *Id.; Zblewski v. Schweiker*, 732 F.2d 75, 79

(7th Cir.1984). To some extent these comments may apply as well to reviewing evidence of pain, (see *Williams v. Bowen*, 664 F.Supp. 1200 (N.D.Ill.1987)), but guidance for the consideration of pain is found in 42 U.S.C. § 423(d)(5)(A). See also *Meredith v. Bowen*, 833 F.2d 650, 653–54 (7th Cir.1987).

The second issue raised is the condition of the record, to which the plaintiff objected both because of the condition of the transcript, and because the ALJ failed to develop a record adequate to insure meaningful review.

The court notes that the transcript of the plaintiff's hearing, consisting of 13 pages of double-spaced dialogue, contains 66 passages which are marked "inaudible" and seven others which are marked "phonetic." The defendant argues that *Ward v. Heckler*, 786 F.2d 844, 848 (8th Cir.1986) directs that a transcript having only occasional gaps of "a few words at a time" or "one and two times per page" should not preclude "fair review." This court counts an average of at least five "gaps," varying in degrees of significance, per page of this transcript, although some of them have been reasonably pieced together by arguments of counsel.

The court notes also that, although the plaintiff was advised by the ALJ of his right to counsel, he was, in fact, not represented by counsel at his hearing. Lack of counsel and apparent technical difficulties resulting in a spotty transcripts are other factors which the court considers relevant in its order of remand. See *Highfill v. Bowen*, 832 F.2d 112, 114 (8th Cir.1987).

 In this procedural context judicial review does not include purist nit picking. In order to be relevant, record deficiencies must be of substance and not of minor detail. See *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir.1987). This court is all too aware of the many pressures and constraints under which the ALJ's in these cases work. See, e.g. *Stevens v. Heckler*, 766 F.2d 284, 287–288 (7th Cir.1985); *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir.1984). Nevertheless, the law is clear that the ALJ has a duty to develop the

458

facts fully and fairly, especially when the claimant is not represented by counsel. *Heckler v. Campbell*, 461 U.S. 458, 471, and Note 1, 103 S.Ct. 1952, 1959, and note 1, 76 L.Ed.2d 66 (1983), citing *Smith v. Secretary*, 587 F.2d 857, 860 (7th Cir.1978); *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir.1972). See also *Williams v. Bowen*, 664 F.Supp. 1200, 1203 (N.D.Ill.1987). Although mere lack of counsel will not in itself deprive a claimant of a fair hearing, *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir.1987), citing *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir.1981), *cert. denied*, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982), "it does enhance the ALJ's duty to bring out the relevant facts." *Highfill v. Bowen*, 832 F.2d at 115, citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir.1984). Despite this court's sensitivity to the plight of the ALJ, here the record deficiencies impair a proper review and in their totality are substantial rather than minor.

On remand the Secretary should more fully explore actual physical limitations as applied to the plaintiff's residual functional capacity, taking into consideration all relevant evidence, inclusive of the plaintiff's apparent inability to lift and his complaints of pain. Any determination of credibility should be supported by the ALJ's reasoning, and by explanation for any rejection of subjective complaints. *Williams v. Bowen*, 664 F.Supp. 1200, 1208 (N.D.Ill.1987). Reasons must be given for crediting or rejecting evidence, if evidence favorable to the plaintiff is essentially uncontradicted. *Walker*, at 643. Additional diagnostic evidence as well as more detailed inquiry into the plaintiff's attempts to work and the problems encountered with these attempts, would facilitate a proper determination. See *Meredith v. Bowen*, 833 F.2d 650 (7th Cir.1987).

■ The above considerations are especially important here, where disability is determined at step five by application of the Grid, which will be sufficient substantial evidence only if the claimant does not suffer from severe non-exertional limitations which significantly restrict work at a certain capacity level. *Walker v. Bowen*,

834 F.2d 635, 640–41 (7th Cir.1987), citing *Shidler v. Bowen*, 651 F.Supp. 1291, 1298 (N.D.Ind.1987). If upon further development of the record it is determined that the effect of pain and the inability to lift will significantly reduce the claimant's capacity for light work, the grid may be used as a framework, but there must be other evidence, such as input from a vocational expert, to determine the effect of non-exertional impairment on the job base. *Warmoth v. Bowen*, 798 F.2d 1109, 1112 (7th Cir.1986). If, on the other hand it is determined that Mr. Koning is capable only of sedentary work, application of the Grid will likely result in a finding of disability.

■ The plaintiff has argued that the evidence supports a finding of disabled by this court, on the basis of a functional capacity for sedentary work, and considering Mr. Koning's age and other vocational factors. Consistent with its view that this record needs further development, an outright award of benefits is inappropriate. Where the findings of the Secretary are not supported by substantial evidence but do not provide sufficient evidence to support a reversal and finding of disability, remand is the appropriate disposition of the case. See e.g., *Bauzo v. Bowen*, 803 F.2d 917, 926–27 (7th Cir.1986); *Garfield v. Schweiker*, 732 F.2d 605, 610 n. 8 (7th Cir.1984); *Johnson v. Heckler*, 741 F.2d 948 (7th Cir.1984).

Accordingly, both parties' motions for summary judgment are DENIED, and the case is REMANDED for a new hearing before a different ALJ, submission of additional evidence, fresh findings, and proceedings consistent with this opinion. SO ORDERED.