**Harry E. PRATT, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. C88–3066.**

United States District Court,
N.D. Iowa, C.D.

April 12, 1989.

David C. Skilling, Algona, Iowa, for plaintiff.

Willis A. Buell, Asst. U.S. Atty., Sioux City, Iowa, for defendant.

### ORDER

HANSEN, District Judge.

This matter is before the court on plaintiff's motion for summary judgment seeking reversal of the final decision of the Secretary of Health and Human Services,

filed November 14, 1988, and defendant's motion to affirm the Secretary's decision, filed December 28, 1988. The court notes plaintiff's reply, filed January 9, 1989.

In this action, plaintiff seeks reversal of the final decision of the Secretary denying plaintiff's claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. Plaintiff has exhausted all administrative remedies and the action is properly before the court at this time. The nature of this court's review of the Secretary's final decision is set out in 42 U.S.C. § 405(g). In particular,

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....

42 U.S.C. § 405(g).

Plaintiff, who was 57 years old at the time he filed his application, alleges disability due to asthma, emphysema, heart and artery blockage, and impaired vision in his right eye. After examining the record and hearing arguments, the Administrative Law Judge (ALJ) determined that the plaintiff has not been engaged in substantial gainful activity since September 13, 1985, the date of the onset of the alleged disability. The ALJ further found that plaintiff's testimony was credible and that the medical evidence of record establishes that plaintiff has chronic obstructive pulmonary disease with bronchial asthma, coronary artery disease, status post myocardial infarction, obesity, diabetes mellitus, a right eye injury, and complaints of pain. However, the ALJ found that plaintiff does not have a listed impairment and that plaintiff can return to his past relevant work as a drafter, as that job is ordinarily performed in the national economy. On that basis, the ALJ denied plaintiff's claim.

The thrust of plaintiff's motion contends that the ALJ erred by failing to adequately develop the record. This court's role on review is to determine whether the record, when considered as a whole, provides substantial evidence to support the Secretary's decision that plaintiff is not disabled. *See, e.g., Hall v. Bowen,* 830 F.2d 906, 911 (8th Cir.1987). The substantial evidence test, however, requires more than a mere search of the record for evidence supporting the Secretary's findings; review of the Secretary's decision must also take into account whatever evidence in the record fairly detracts from the weight of the decision. *Parsons v. Heckler,* 739 F.2d 1334, 1339 (8th Cir.1984) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)).

The timeline in this case is instructive. Plaintiff has a relatively good work record as an engineering technician and draftsman through September, 1985. *See, e.g.,* Tr. 38–41, *cf.* Tr. 201. In September, 1985, his job was terminated due to economic concerns by his employer. *See* Tr. 40–41. The record does not indicate that plaintiff was terminated from this job due to any physical ailments or that plaintiff suffered some physical trauma in September, 1985. Curiously, however, plaintiff's application for disability benefits alleges that he became disabled on September 13, 1985—approximately the same time he was terminated from his employment.[1]

Plaintiff, through the hearing phase, proceeded without counsel. At the hearing, the ALJ fully and fairly advised him of his right to counsel and plaintiff freely and knowingly waived this right. Tr. 33. On appeal to the Appeals Council, and to this court, plaintiff has retained counsel. Tr. 6; plaintiff's brief, filed November 14, 1988, at 6. Although not seeking remand for

---

1. Plaintiff's testimony casts further doubt on this September 13, 1985, claimed disability date. Even in light of his alleged respiratory condition, plaintiff testified at the hearing that he did "a little farm work" between September, 1985, and September, 1987. *See* Tr. 41. Although apparently not constituting substantial gainful activity, plaintiff stated that the farm work he did was "mostly driving, right around harvest time, helped hand [sic] corn to the elevator, and that was about it, and maybe in the spring of the year, pick up rocks or something like that, but that's the limit of the farm work." *Id.*

further consideration, *see* 42 U.S.C. § 405(g), plaintiff alleges that the ALJ did not fully develop the record and, therefore, that he is entitled to benefits. But for an affidavit filed after the ALJ's decision, plaintiff has produced no additional evidence that the ALJ should have considered in making his determination. *See* plaintiff's brief, filed November 14, 1988, at 4–8. Although the court discusses plaintiff's affidavit in more detail below, the court first discusses the duty of the ALJ in this case.

The ALJ must fully and fairly develop the record so that a just and accurate determination may be made. *See, e.g., Richardson v. Perales,* 402 U.S. 389, 410, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971); *Highfill v. Bowen,* 832 F.2d 112, 115 (8th Cir.1987); *Mitchell v. Bowen,* 827 F.2d 387, 389 (8th Cir.1987). Although the ALJ has this duty when a claimant is represented by counsel, *see Mitchell,* 827 F.2d at 389, the ALJ's obligation is enhanced when a claimant has no representation. *See, e.g., Highfill,* 832 F.2d at 115. When a claimant alleges a mental impairment, and is not represented by counsel, the ALJ's duty to develop the record is even further enhanced. *Cf. id.*

In this case, the ALJ spent more than an hour developing the record by questioning plaintiff, his witnesses, and the vocational expert. *See* Tr. 33–64. At the beginning of the hearing, the ALJ made it clear to plaintiff what he would have to show to make a disability case. *See* Tr. 33–34. The ALJ then developed the record regarding plaintiff's past educational history, Tr. 36–38, work history, Tr. 38–41, medical ailments, treatments, and medications, Tr. 41–45, physical abilities, Tr. 48–49, and daily activities. Tr. 49–51. The ALJ then determined that plaintiff's wife and brother-in-law supported plaintiff's testimony. *See* Tr. 52–55. This testimony is accompanied by a transcript that contains reports from plaintiff's treating physicians and consulting physicians totalling more than 200 pages. Thus, the transcript indicates that the ALJ adequately helped plaintiff develop his case and the record. *See, e.g., Highfill,* 832 F.2d at 115.

Plaintiff argues that, in light of his age, the ALJ improperly found that he has transferable work skills. *See* plaintiff's brief, filed November 14, 1988, at 6–7. However, the ALJ relied on vocational expert testimony indicating that plaintiff could return to his past relevant work as a draftsman as that work is normally performed in the national economy. Tr. 16, 60. Accordingly, because the ALJ found that plaintiff could return to his past relevant work, the "transferable skills" portion of the vocational expert's testimony was not relied upon by the ALJ and, thus, is not reversible error. Tr. 60–61.

As mentioned previously, but for a signed and sworn affidavit, plaintiff has not come forth with any evidence indicating that the ALJ failed to fully develop the record. The affidavit was signed on January 28, 1988. Tr. 7. This was after the ALJ's decision was filed on November 24, 1987, and apparently after plaintiff retained post-hearing counsel, but before the Appeals Council review. *See* Tr. 6. The information in the affidavit, however, shows a remarkably inconsistent story when compared to the transcript of the hearing held approximately three months prior to the signing of the affidavit. To demonstrate these inconsistencies, the court addresses the statements in the January, 1988 affidavit separately.

The affidavit states that plaintiff's hands shake so severely that he "can no longer draw." Tr. 7. During the hearing, the ALJ asked plaintiff if he had any problems using his hands. *See* Tr. 46. The only response that plaintiff made was that his hands went numb two or three times per day, that this numbness lasted "a couple of minutes," and that, at times, plaintiff rubbed his hands to get them back to normal. Tr. 46. Plaintiff mentioned no other difficulties with his hands and testified that he peeled potatoes when helping cook meals. Tr. 51. In a disability report, plaintiff stated that he liked to go fishing and do woodworking. Tr. 97. These statements certainly undercut plaintiff's subsequent claim of hand problems.

Plaintiff's affidavit states that he is confined to his home "because of the extreme weather which adversely affects my health." Tr. 7. However, at the hearing, plaintiff stated that extreme heat did not bother him and that extreme cold would not bother him "as long as I can keep my chest warm and not catch a cold in it then all [sic] right there." Tr. 48. Although stating that windy, dry days and severe humidity bothered him, Tr. 47, plaintiff stated that he routinely went outside, Tr. 50, and worked hauling grain and picking up rocks during a portion of the alleged period of disability. Tr. 41. This testimony, coupled with other evidence of record, belies plaintiff's allegation that he is completely house bound due to the weather. Tr. 97, 116.

Plaintiff's affidavit states that he is unable to care for his own personal hygiene without assistance and that he is unable to dress himself. Tr. 7. Three months earlier at the hearing, however, plaintiff indicated that he had little difficulty with personal hygiene. The ALJ asked plaintiff whether he had any difficulty "bathing or dressing or feeding yourself, shaving, anything of that sort?" Tr. 50. In response, plaintiff stated: "I do bathing, I have to have somebody wipe the bottom half, and, otherwise, it—but otherwise, on the other stuff, no." Tr. 50; *accord* Tr. 118.

Finally, plaintiff's affidavit states that "I cannot be left unattended when I sleep because I suffer from spasms which cause me to fall out of bed." Tr. 7. Apart from the fact that there is no other evidence of record supporting plaintiff's "sleeping spasms" claim, his testimony at the hearing contradicts his affidavit. Plaintiff mentioned that, approximately once a month, he has difficulty getting to sleep, Tr. 49, and his wife stated that he has coughing spells at night. Tr. 52. However, although asked about his sleeping habits, neither plaintiff nor his wife mentioned these alleged sleeping spasms. Tr. 49, 52. Furthermore, plaintiff has not shown how any such spasms would impact his ability to return to his past relevant work.

In sum, the court does not doubt that plaintiff has several medical ailments. However, contrary to plaintiff's argument, the court determines that the ALJ fully and fairly developed the record allowing a just and accurate determination to be made regarding plaintiff's physical condition. *See, e.g., Richardson,* 402 U.S. at 410, 91 S.Ct. at 1431; *Highfill,* 832 F.2d at 115. Plaintiff has not attempted to show good cause for remand so that the Secretary may consider any additional material evidence. *See* 42 U.S.C. § 405(g). Furthermore, in light of the ALJ's development of the record, this is not a case where a court initiated remand is necessary. *Id.* Plaintiff merely argues that the ALJ should have expanded the hearing and that plaintiff's ailments are far worse than they appeared at the hearing—both points that the court has addressed in the text of this opinion. Having so decided, the court determines that the ALJ's decision is supported by substantial evidence when viewing the record as a whole. *See, e.g., Hall,* 830 F.2d at 911. Thus, plaintiff's motion for summary judgment must be denied and defendant's motion to affirm shall be granted.

### ORDER:

Accordingly, It Is Ordered:

1. Plaintiff's motion for summary judgment, filed November 14, 1988, is denied.

2. Defendant's motion to affirm the Secretary's decision, filed December 28, 1988, is granted.

3. The Secretary's decision is affirmed.

4. Plaintiff's complaint, filed June 28, 1988, is dismissed.