**John P. WINGERT, Appellant,**

v.

**Otis R. BOWEN, M.D., Appellee.**

**No. 89–1458.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1989.

Decided Jan. 18, 1990.

John S. Allen, Des Moines, Iowa, for appellant.

John E. Beamer, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and LARSON,* Senior District Judge.

ARNOLD, Circuit Judge.

John P. Wingert appeals the decision of the District Court[1] affirming the decision of the Secretary of Health and Human Services to deny him Social Security disability benefits. Wingert argues that the Administrative Law Judge failed to develop the record fully and that the ALJ's conclusion that claimant can return to his past work as an office clerk is not supported by substantial evidence. We affirm the ruling of the District Court.

I.

Mr. Wingert has a history of orthopedic problems with his right knee and lower back. He has had several operations on his knee, but still experiences pain. Mr. Wingert, who was 49 years old at the time of his hearing and has a high-school education, has not been employed since October 1982. Prior to that time he worked for Central Harvesters Systems in various capacities for almost 14 years. He started as a serviceman but was dismissed for medical reasons after knee surgery in 1976. In less than a year, he was back working as an office clerk—a position he kept for two more years. Upon his request, Wingert then moved to the position of parts manager and stayed there until he was laid off in 1982 because of downturns in the farm economy. He drew unemployment benefits

---

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

for several months and completed a computer programming course from which he graduated near the top of his class, but he has not found employment.

In May of 1986, Wingert filed an application for disability benefits, alleging he had become disabled on October 15, 1981. The application was denied both initially and upon reconsideration. Wingert then requested and received a hearing. After the hearing, where Wingert appeared *pro se,* the ALJ found the claimant did not suffer a "disability" under the Social Security Act, 42 U.S.C. §§ 401 *et seq.,* because he could still perform his past relevant work as an office clerk as Wingert described it, and as a parts manager as that job is normally performed in the national economy. The Appeals Council denied Wingert's request for review *after receiving additional* medical evidence, so the ALJ's decision stood as the final decision of the Secretary.

Wingert filed a complaint in the United States District Court for the Southern District of Iowa seeking judicial review of the Secretary's decision under 42 U.S.C. § 405(g). The Court affirmed the Secretary's decision on the grounds that substantial evidence supported the ALJ's finding that Wingert could return to his past work as an office clerk.[2]

## II.

Mr. Wingert first claims that he was not properly advised of his right to employ counsel and therefore could not intelligently waive this right. We do not agree. The record shows that on November 7, 1986 he received a notice of his hearing from the Social Security Administration which clearly explains a claimant's right to counsel. In addition, the record contains Mr. Wingert's reply to this notice in which he indicates his desire to proceed without counsel and his reasonable grasp of the regulations and procedure involved. While an attorney might have been able to help Mr. Wingert with evidentiary matters, his decision to state his own case in simple language was intelligent and entirely logical.

Next, Mr. Wingert argues that the ALJ failed in his duty to develop the record adequately. In particular, he argues that the ALJ failed to identify the physical requirements of his former position as office clerk by not fully appreciating that it was not merely sedentary, and that the ALJ failed to develop the testimony of the vocational expert.

We hold that the ALJ did adequately develop the record, even after taking into account the added burden that applies in cases where the claimant is without counsel. See *Phelan v. Bowen,* 846 F.2d 478 (8th Cir.1988). The ALJ carefully and conscientiously elicited the facts from the petitioner, always asking if he wanted to add any more information. We do not believe that the ALJ failed to inquire as to the physical nature of Wingert's office clerk position. It was established at the hearing that the job required a certain degree of walking and standing, among other things, and was clearly not merely sedentary. As for the hypothetical posed to the vocational expert, it set forth all the impairments accepted as true by the ALJ, which is sufficient, *Roberts v. Heckler,* 783 F.2d 110 (8th Cir.1985), and although Wingert was given the opportunity to supplement the hypothetical at the hearing, he could not think of anything that the ALJ had omitted. Furthermore, the testimony of the vocational expert was not necessary for the ALJ's decision, because he found Wingert could do his past work as a clerk. Testimony of vocational experts is ordinarily important only at a later stage of analysis, a stage this case did not reach.

Finally, Wingert asserts the finding of the ALJ is not supported by substantial evidence. We disagree. Substantial evidence supports the ALJ's finding that, despite his impairments, Wingert could still perform his past relevant work as an office clerk. Wingert himself testified that he could sit for long periods as long as he propped up his foot. As for the standing and walking aspects of the job, he said he

---

2. The Court, however, did not believe that Wingert could work as a parts manager. That hold-

ing is not an issue on this appeal.

had no problems if he did either activity for 30 minutes or less. Furthermore, he voluntarily left his job as an office clerk to become parts manager, a position he described as more physical, because he would rather be a little more uncomfortable than bored, and he would have stayed in this more physical position until he reached retirement age if he had not been laid off for economic reasons. In addition, he did not have to take medication regularly, except aspirin every 3 to 4 days, nor did he visit a physician regularly for his conditions. See *Williams v. Bowen*, 790 F.2d 713 (8th Cir. 1986). Finally, Wingert can attend a 7-month computer course, vacuum the house, scrub the bath tub, mow the yard, shovel light snow, and work on crafts up to twelve hours a day. See *Conley v. Bowen*, 781 F.2d 143 (8th Cir.1986).

Affirmed.