**Techler M. CLARK, Appellant,**

v.

**Donna E. SHALALA, Secretary, Department of Health & Human Services, Appellee.**

**No. 93–3484EA.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1994.

Decided July 5, 1994.

David R. Trussell, Little Rock, AR, for appellant.

Joyce Shatteen, Dallas, TX, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MAGILL and BEAM, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

The claimant, Techler Clark, sought a period of disability, disability-insurance benefits, and supplemental-security income. The Secretary denied her claim initially and upon reconsideration. Subsequently, a hearing was held before an administrative law judge (ALJ), who found that Clark was not disabled within the meaning of the Social Security Act. The Appeals Council turned down her request for review, as did the District Court.[1] The claimant now appeals to this Court, requesting benefits or a remand. We conclude that the ALJ's decision was supported by substantial evidence on the record as a whole, and thus affirm.

I.

Clark, a 41–year–old woman with an eighth-grade education, is five feet, nine inches tall and weighs 275 pounds. She has worked as a teacher's aide and waitress. In July of 1989, while serving as a nurse's aide at the Human Development Center in Conway, Arkansas, she suffered a lower-back injury when she attempted to restrain a resident.[2] The injury eventually required corrective surgery, performed in December, 1989. The procedure relieved numbness in her right leg, but Clark continued to experience lower-back pain and a restricted range of motion. Before returning to work, Clark's doctor recommended that she participate in a program to strengthen her sufficiently to perform her old job, and said she should lose some weight. Eventually, it became clear that the strengthening program would not allow Clark to return to her nurse's aide position, so her doctor recommended that Clark enter a vocational rehabilitation program; she never did so. However, she did apply for several jobs, unsuccessfully, and for unemployment benefits.

In addition to her back pain, Clark has been treated for several other ailments, including an ulcer, high blood pressure, and diabetes. As a result of these problems, and the continued pain in her back and shoulders from the injury, Clark filed for benefits.

At the hearing before the ALJ, Clark waived her right to representation and testified, along with her daughter. The ALJ questioned Clark about her medical condition and activities, and asked the daughter if she had anything to add. Following the five-step sequential process set out in 20 C.F.R. §§ 404.1520, 416.920 (1990), see *Locher v. Sullivan*, 968 F.2d 725 (8th Cir.1992), the ALJ concluded that Clark's infirmities did not meet the standard for a listed impairment, but that her physical limitations prevented her from returning to her past relevant work. Nevertheless, the ALJ determined, while Clark could not lift or carry

---

1. The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, sitting by agreement of the parties under 28 U.S.C. § 636(c).

2. Clark had also experienced a less severe upperback injury in March of 1989.

over ten pounds, nor engage in prolonged standing or walking, the claimant retained the capacity to perform sedentary work; thus, in light of her age, education, and work experience, the ALJ found that she could fill a significant number of jobs in the national economy and was not disabled.

In reaching his conclusion, the ALJ noted several factors which caused him to disbelieve Clark's subjective complaints of pain. First, after the injury, Clark had unsuccessfully applied for many restaurant and factory jobs before applying for disability; the ALJ saw this as inconsistent with her claims of pain, and perhaps indicative that she was seeking benefits simply because she had failed in the job market. Second, Clark testified that she was involved in a wide array of activities, which the ALJ also interpreted as incompatible with Clark's claims of discomfort. The claimant does the family laundry (although others must carry it), washes dishes, dusts, feeds and dresses herself, prepares her family's evening meal, watches TV several hours a day, fishes, and pays bills. Third, the ALJ interpreted Clark's course of medical treatment as indicating that her diabetes and high blood pressure were both controllable with proper medication and diet. Fourth, although the ALJ acknowledged Clark's "severe" degenerative disc disease, he pointed out that Clark was not regularly consulting the doctor for her back and was not using prescription medications, despite her reports of severe pain. Finally, the ALJ stated that Clark's objective medical evidence was inconsistent with her alleged physical limitations and complaints.

## II.

■ The social-security claimant bears the burden of proving disability. *Locher,* 968 F.2d at 727. However, if the claimant can demonstrate that she is unable to do past relevant work, and thereby reaches the fifth step in the process, the burden shifts to the Secretary, who must show that substantial gainful activity exists in the national economy which the claimant can perform. *Id.* at 725. Once a final determination has been made, we will affirm if the decision is supported by substantial evidence on the record as a

whole. 42 U.S.C. § 405(g); *Hutsell v. Sullivan,* 892 F.2d 747, 748–49 (8th Cir.1989).

On appeal, Clark argues that the Secretary failed to prove the existence of significant work in the national economy which she, the claimant, could perform. Clark also maintains that, in the process of reaching his conclusion, the ALJ failed to develop the record adequately, failed to take into account properly her subjective complaints of pain, and improperly utilized the social-security guidelines instead of summoning a vocational expert to assess the level of Clark's disability. We discuss each of these claims in turn.

### A.

Clark first claims the ALJ failed to fulfill his special duty to assist her, an unrepresented claimant, in fully developing the record. She says the ALJ should have inquired further as to her non-exertional impairments, such as her diabetes, her blood pressure, and her obesity. She also contends that he did not sufficiently inquire about her back problems, even though he ultimately labeled them "severe," nor did he adequately evaluate her claim that she can sit for only thirty minutes at a time. In addition, Clark argues that the ALJ failed to provide a reasonable basis for his conclusion that there were inconsistencies between the record and her complaints. Finally, Clark complains that the ALJ failed to ask her daughter any follow-up questions on the daughter's testimony, merely acknowledging her comments as "corroborative."

■ The record makes clear that Clark was fully informed of her right to retain counsel, but willingly waived that right, electing to be accompanied to the hearing solely by her daughter. Nevertheless, "[t]his Court has consistently held that the ALJ must fully and fairly develop the record so that a just determination of disability may be made.... Claimants, especially those not represented by counsel, can hardly be expected to be familiar with the intricacies of the Secretary's Guidelines." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc) (citation omitted). However, the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably

complete record. In this instance, we think the ALJ satisfactorily discharged his obligation.

Concerning Clark's non-exertional impairments, we conclude that there is substantial evidence in the record to support the ALJ's conclusion that Clark's diabetes and blood pressure are controllable. In addition, there is no indication that the ALJ erred in not further exploring the claimant's obesity. The consulting physician referred to the obesity as "exogenous," while the physician who performed Clark's back surgery specifically urged her to lose weight, and nothing in the record suggests that such a program would be futile for medical reasons. Moreover, we conclude that the ALJ's questioning, together with the paper record, provided a sufficient basis for his findings regarding Clark's back problems.[3] And, finally, we hold that there was an ample basis for the ALJ's finding of inconsistencies, which in turn cast doubt upon the extent of Clark's claims of pain and physical limitations. All told, this record was sufficient.

### B.

Clark next protests that the ALJ did not adequately take into account her subjective complaints of pain, as he is required to do under *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984). We disagree. As discussed above, the ALJ methodically discredited Clark's account of the extent of her pain. See *Loving v. Dept. of Health and Human Services, Secretary*, 16 F.3d 967 (8th Cir.1994) (ALJ carefully discredited plaintiff's claim to be disabled due to back pain and discomfort). In essence, the ALJ determined that the claimant's complaints were not credible because they were inconsistent with her activities, her use of medication, her course of treatment, and the objective medi-

cal findings. We conclude that the ALJ adequately took into account the factors set out in *Polaski*, and that his findings concerning Clark's subjective complaints are supported by substantial evidence.[4]

### C.

Clark's final contention is that the ALJ wrongly refused to consult a vocational expert in determining whether she had the residual functional capacity to do sedentary work. The ALJ need not resort to a vocational expert if the ALJ finds, and the record supports the finding, that the claimant's non-exertional impairments do not diminish the claimant's ability to perform the full range of activity listed in the guidelines. *Thompson v. Bowen*, 850 F.2d 346, 349–50 (8th Cir. 1988). On this issue, again, we conclude that the ALJ's finding is supported by substantial evidence in the record, and a vocational expert was not required.

### III.

Having reviewed the record in this case, we are satisfied that the ALJ's decision that Ms. Clark is not disabled is supported by substantial evidence on the record as a whole. Therefore, we affirm the decision of the District Court.

---

**3.** We are satisfied that the ALJ did, in fact, take into account all of Clark's reported limitations, including her claim that she can sit for only 30 minutes at a time.

**4.** We do offer one note of caution. In discrediting Clark's complaints of pain, the ALJ points to her lack of sustained effort, in the form of treatment and use of medication, in trying to combat her ailments. Clark replies that the ALJ failed to inquire as to why she had not been more aggres-

sive in seeking treatment, implying, perhaps, that she lacked sufficient financial resources. Economic justifications for the lack of treatment can be relevant to a disability determination. *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir.1992). However, the claimant offered no testimony or other evidence that she had been denied further treatment or access to prescription pain medicine on account of financial constraints.