29 F.3d 627
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Ronald P. IVERSON, Appellant,
v.
Donna E. SHALALA, Appellee.
 No. 93-3942.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 6, 1994.
Filed: July 21, 1994.
 
 Before McMILLIAN, MAGILL and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald P. Iverson appeals from a final order entered in the District Court[1] for the District of Minnesota, affirming the decision of the Secretary of Health and Human Services to deny Iverson's application for disability insurance benefits and supplemental security income. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Iverson, born March 4, 1959, applied for benefits in November 1989, alleging disability as a result of lumbar back disease and alcoholism. His applications were denied initially and upon reconsideration. At Iverson's request, an Administrative Law Judge (ALJ) conducted a hearing, at which Iverson appeared without counsel. At the hearing, a vocational expert stated that, given Iverson's age, ninth-grade education, ability to lift ten pounds occasionally, need to sit and stand at will, and inability to bend at the waist, there was a host of manufacturing, machine operator, general clerical, security surveillance monitoring, and gate tending positions which Iverson could perform.
 
 
 3
 The ALJ noted that Iverson apparently had been drinking before the hearing, but that he was fully aware of the proceedings. The ALJ concluded that Iverson suffered from a combination of severe impairments, including alcohol abuse and degenerative disc disease causing chronic low back pain, which did not meet the Listings of Impairments under the regulations. Because the ALJ concluded Iverson could not return to his past relevant work as a laborer, the burden shifted to the Secretary.
 
 
 4
 Noting the medical evidence and Iverson's testimony, the ALJ found that Iverson retained the residual functional capacity to perform work requiring him to lift no more than ten pounds, allowing him to sit or stand at his option, requiring no repetitive bending or lifting, and involving simple, repetitive tasks; and that, based on the vocational expert's testimony, there were significant numbers of jobs Iverson could perform. The ALJ concluded that Iverson's subjective complaints of pain were not fully credible, because his allegations were inconsistent with his daily activities, the level of medication, and the virtual absence of physical therapy-type treatment. As for Iverson's alcoholism, the ALJ noted that: Iverson used alcohol as his primary pain medication; his alcohol-treatment records did not show he had totally lost the ability to control his alcohol usage; Iverson testified he did not drink while working; and there was no evidence his alcohol abuse significantly affected his ability to work (although it could affect his future ability if he did not stop). Accordingly, the ALJ concluded Iverson was not disabled.
 
 
 5
 The Appeals Council denied further review, and, with the assistance of counsel, Iverson sought judicial review. The district court concluded that the Secretary's decision was supported by substantial evidence. On appeal, Iverson argues that the ALJ failed to properly evaluate his alcohol impairment and that the hypothetical question was not substantial evidence because it did not include his alcoholism impairment.
 
 
 6
 "Alcoholism, alone or in combination with other impairments, can be a disabling condition." Shelltrack v. Sullivan, 938 F.2d 894, 897 (8th Cir. 1991). To show a disabling condition based on alcoholism, "the claimant must show: (1) that he has lost self- control to the point of being 'impotent to seek and use means of rehabilitation,' and (2) that his disability is encompassed by the [Social Security] Act." Metcalf v. Heckler, 800 F.2d 793, 796 (8th Cir. 1986) (quoting Adams v. Weinberger, 548 F.2d 239, 245 (8th Cir. 1977)). To meet the second part of the test, the claimant's alcoholism, either "alone or in combination with other impairments, must render [him] unable to engage in any substantial gainful employment." Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir. 1992).
 
 
 7
 We agree that the ALJ's conclusions regarding Iverson's alcoholism are supported by substantial evidence on the record as a whole. Iverson's voluntary admission into treatment programs demonstrates minimal ability to seek rehabilitation, although his refusal to complete treatment programs may show an inability to "use means of rehabilitation." Nevertheless, Iverson stated that he did not drink on the job; he worked successfully for several years with only a few alcohol-related problems; he exhibited an ability to function adequately; and the record contained no evidence that he suffered from other physical impairments as a result of his alcoholism. Although Iverson may have denied its seriousness, he admitted his alcoholism throughout the record, and stated that he left the treatment program because he did not like the other people in the program, not because he denied having a problem. Thus, the record supports the ALJ's conclusion that Iverson's alcoholism, either alone or in combination with his back impairment, was not at the time of the Secretary's decision severe enough to be disabling.
 
 
 8
 Iverson also challenged the hypothetical posed to the vocational expert on the ground that it did not include Iverson's alcoholism. The hypothetical need only include those impairments accepted by the ALJ as true. Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990). Based on the ALJ's assessment that the alcoholism did not significantly affect Iverson's ability to work and that he had no functional restrictions as a result of his alcoholism, the exclusion was not improper.
 
 
 9
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota