51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
David MCKNIGHT, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 94-2418
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 4, 1995
Filed: April 10, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 David McKnight appeals from the final order entered in the district court[1] affirming the decision of the Secretary of Health and Human Services to deny his applications for disability insurance benefits (DIB) and supplemental security income (SSI). For the reasons set forth below, we affirm.
 
 
 2
 In July 1991, McKnight, who was born in 1945, filed applications for DIB and SSI, alleging disability since July 1, 1991, due to lower back pain. His applications were denied initially and on reconsideration.
 
 
 3
 In February 1992, an administrative law judge (ALJ) held a hearing at which McKnight elected to proceed without counsel. At the hearing, McKnight testified that his back condition restricted his ability to perform gainful employment; that his daily activities primarily revolved around seeking employment; and that he was receiving Minnesota state unemployment benefits.
 
 
 4
 After analyzing McKnight's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), the ALJ found his complaints not fully credible. The ALJ determined that, while McKnight could not perform his past relevant work, the Secretary had shown-based on the Medical-Vocational Guidelines (the grids)-McKnight retained the residual functional capacity (RFC) to perform a full range of light work with an alternating sit/stand option. Thus, the ALJ concluded that McKnight was not disabled and denied him benefits. After considering new evidence, the Appeals Council denied further review. The district court concluded there was substantial evidence to support the Secretary's decision and granted the Secretary's motion for summary judgment.
 
 
 5
 On appeal, McKnight argues he did not have sufficient information to knowingly and intelligently waive his right to representation, he was prejudiced by lack of representation, and the ALJ failed to properly develop the record regarding his diabetes and blood pressure. The record shows that McKnight received no fewer than ten notices from the Secretary, written in straightforward, simple terms, informing him of his right to representation. Thus, we conclude McKnight knowingly and intelligently waived his right to representation. See Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990). As McKnight was unrepresented, however, the ALJ had a duty to "develop a reasonably complete record." Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994). We have carefully reviewed the record and conclude the ALJ did not err in failing to further develop the record regarding McKnight's diabetes and high blood pressure. In his applications, McKnight did not assert that these conditions contributed to his alleged disability and the record indicates they were controlled by medication. Additionally, there is no evidence these conditions affected his ability to perform gainful employment. Thus, we conclude the ALJ developed a reasonably complete record and McKnight failed to show prejudice. See Highfill v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987) (claimant must show prejudice or unfairness resulting from an incomplete record); cf. Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (impairment not disabling if it can be controlled by medication or treatment).
 
 
 6
 McKnight also argues that the ALJ improperly discounted his subjective complaints of pain. To determine whether the ALJ properly applied the Polaski factors, we must consider whether the ALJ took into account all the relevant evidence, and whether McKnight's own testimony contradicted the evidence in the record so that the ALJ could discount the testimony for lack of credibility. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). After reviewing the ALJ's decision and the record, we conclude the ALJ considered all the relevant evidence before him and properly discredited McKnight's testimony regarding his subjective complaints. See Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993) (subjective complaints of pain may be discounted if there are inconsistencies in the evidence as a whole). McKnight's own description of his abilities and the objective medical evidence contradicted his subjective complaints of pain. Additionally, McKnight's receipt of "unemployment compensation benefits adversely affects his credibility," Jernigan v. Sullivan, 948 F.2d 1070, 1074 (8th Cir. 1991), because to receive "reemployment insurance" in Minnesota a claimant must be "able to work ... available for work ... and ... actively seeking work." Minn. Stat. Sec. 268.08(3) (1992).
 
 
 7
 Because the ALJ properly discounted McKnight's subjective complaints of pain and determined McKnight's non-exertional limitations did not significantly affect his RFC, we conclude the ALJ properly applied the grids. See Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993) ("ALJ may rely on the guidelines to direct a conclusion of either disabled or not disabled without resorting to vocational expert testimony if the ALJ determines that a claimant's non-exertional limitations do not significantly affect the claimant's RFC"); 20 C.F.R. Secs. 404.1546, 404.1567(b). Thus, we conclude the ALJ's decision to deny McKnight DIB and SSI benefits is supported by substantial evidence in the record that was before him. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992); 20 C.F.R. pt. 404, subpt. p, app. 2, Sec. 200.00(a), (b), and table 2, rule 202.20.
 
 
 8
 Finally, we have carefully reviewed the new evidence that was before the Appeals Council and we conclude that the ALJ's decision to deny McKnight DIB and SSI also is supported by substantial evidence in the record as a whole. Riley v. Shalala, 18 F.3d 619, 622-23 (8th Cir. 1994).
 
 
 
 [1]
 The Honorable Diana E. Murphy, then Chief Judge, United States District Court for the District of Minnesota, now United States Circuit Judge, adopting the report and recommendation of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota