56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Kathy L. Filipi, Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Appellee
 No. 94-3583
 United States Court of Appeals
Eighth Circuit
 Submitted: May 5, 1995
Filed: May 11, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kathy Filipi appeals from the final order entered in the district court[1] affirming the decision of the Secretary of Health and Human Services to deny Filipi's application for disability insurance benefits and supplemental security income. For the reasons set forth below, we affirm.
 
 
 2
 Filipi was born in 1956, and had worked as, among other things, a sales clerk and order-filler. In April 1992, she applied for benefits, alleging that arthritis in her hands caused by diabetes, hypothyroidism, diabetic retinopathy, and neuropathy in her arms and legs, rendered her disabled as of December 20, 1991. Filipi's applications were denied initially and on reconsideration, and she requested a hearing before an ALJ, which was held in December 1992. Filipi expressly waived her right to representation; Filipi, two vocational experts, and a medical expert testified.
 
 
 3
 The ALJ found that Filipi's impairments did not meet or equal any listed impairment and that she retained the residual functional capacity to perform her past relevant work. The ALJ also found that, even if Filipi was precluded from performing her past relevant work, she retained the capacity to perform a significant number of other occupations. Thus, the ALJ concluded Filipi was not disabled and denied her benefits.
 
 
 4
 Because Filipi was unrepresented, the ALJ had a duty to "develop a reasonably complete record," but not to act as substitute counsel. Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994); see also Highfill v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987) (claimant's lack of counsel enhances "ALJ's duty to bring out the relevant facts"). On appeal, Filipi argues the ALJ failed to perform this duty.
 
 
 5
 Filipi first argues the ALJ had a duty to inform her that she had a right to cross-examine the medical expert. See 20 C.F.R. Sec. 404.950(e) (ALJ "shall allow" parties to ask witness "any questions material to the issues"). Even if Filipi was not invited to question the medical expert, we conclude there was no error. The answers to the questions Filipi argues she would have asked the medical expert were addressed in testimony solicited at the hearing. Additionally, we conclude the ALJ's questioning of the medical expert-which solicited testimony on the extent of Filipi's limitations based on her testimony and the medical evidence-addressed all the material issues about which the medical expert was qualified to testify.
 
 
 6
 Filipi also argues the ALJ failed to develop her testimony regarding how her impairments restricted her ability to function day-to-day. After reviewing the record, we conclude the ALJ adequately developed the record regarding this issue because the ALJ questioned Filipi about her daily activities and how her impairments impinged on them, the medication she was taking and its effects, and the duration and frequency of her pain; the ALJ also asked Filipi if there was any additional information that was not covered during her testimony. See Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990) (ALJ adequately developed record regarding claimant's issue on appeal when ALJ "conscientiously elicited the facts" and asked if claimant wanted to add any other information addressing issue). Filipi also argues the ALJ "cut off testimony" about her excessive absenteeism from work due to her diabetes. The record, however, does not support this claim, especially in light of her testimony and the medical evidence that her diabetes was well controlled.
 
 
 7
 Filipi also argues the ALJ failed to develop and consider the testimony of her vocational expert. We find this argument meritless. Filipi's vocational expert testified that Filipi was capable of future employment, provided Filipi was not required to perform extensive repetitive hand movements; this testimony was consistent with that of the other vocational expert and the ALJ's decision. Thus, the ALJ did not commit any error. See Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir. 1994) (no need for credibility finding as to testimony of third party, where ALJ's decision not inconsistent with the testimony).
 
 
 8
 Filipi's last claim on appeal is that the ALJ was required to solicit her comments regarding the post-hearing medical evidence, pursuant to 20 C.F.R. Sec. 404.916(f). The Secretary, however, correctly points out that section 404.916 does not apply to an initial hearing before an ALJ but rather applies at the reconsideration stage. The regulations governing an ALJ hearing do not set forth such a requirement. See generally 20 C.F.R. Secs. 404.929-404.961.
 
 
 9
 Thus, we conclude the ALJ's decision to deny Filipi benefits is supported by substantial evidence. See Nelson v. Sullivan, 966 F.2d 363, 366 n.6 (8th Cir. 1992) (defining standard of review).
 
 
 10
 The judgment is affirmed.
 
 
 
 *
 As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for the Secretary of Health and Human Services pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota