_____

No. 95-3592
_____

Phillis Shepherd,                  *
                                   *
          Appellant,               *
                                   *
     v.                            *  Appeal from the United States
                                   *  District Court for the
Shirley S. Chater, Commissioner    *  Western District of Arkansas.
Social Security Administration,    *
                                   *  [UNPUBLISHED]
          Appellee.                *

_____

          Submitted:  April 18, 1996

             Filed:  May 6, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Phyllis Shepherd appeals from the final order entered in the district court[1] affirming the decision of the Commissioner of Social Security to deny Shepherd's application for disability insurance benefits.  For the reasons set forth below, we affirm.

     Shepherd was born in 1943, and had worked as, among other things, a stock clerk.  In September 1992, she applied for benefits, alleging that lumbar and cervical degenerative disc disease, arthritis, and pain in her neck, shoulder, arms, hands, hips, and lower back, rendered her disabled as of May 22, 1992.

_____

     [1]The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Shepherd's application was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ), which was held in September 1993. Shepherd expressly waived her right to representation; Shepherd, her husband, and a vocational expert testified.

After analyzing Shepherd's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ found her complaints not fully credible. The ALJ determined that Shepherd's exertional and non-exertional impairments did not meet or equal any listed impairment, and that--based on the vocational expert's response to a hypothetical question--Shepherd had the residual functional capacity to perform her past relevant work as a stock clerk. Thus, the ALJ concluded that Shepherd was not disabled and denied her benefits. After considering new evidence, the Appeals Council denied further review. The district court concluded there was substantial evidence to support the Commissioner's decision and granted the Commissioner's motion for summary judgment.

On appeal, Shepherd first argues that she did not knowingly and intelligently waive representation. We conclude this argument is meritless, because prior to the administrative hearing, Shepherd received no fewer than four notices from the Commissioner, written in straightforward, simple terms, informing her of her right to representation. See Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990) (claimant properly notified of right to representation when notices clearly explain claimant's right to counsel).

Second, Shepherd argues the ALJ failed to develop a reasonably complete record. Because Shepherd was unrepresented, the ALJ had a duty to "develop a reasonably complete record," but not to act as substitute counsel. See Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994); see also Highfill v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987) (claimant's lack of counsel enhances "ALJ's duty to bring out

the relevant facts").  We conclude the ALJ properly performed this task because he questioned Shepherd about her impairments and her residual functional capacity, and offered her an opportunity to add any additional information she felt was relevant to her claim.  See Wingert, 894 F.2d at 298 (ALJ adequately developed record regarding claimant's issue on appeal when ALJ "conscientiously elicited the facts" and asked if claimant wanted to add any other information addressing issue).  Moreover, Shepherd failed to assert how any of the alleged deficiencies in the record prejudiced her.  See Highfill, 832 F.2d at 115 (claimant must show prejudice or unfairness resulting from an incomplete record).

Third, Shepherd argues the ALJ improperly discounted her subjective complaints of pain.  To determine whether the ALJ properly applied the Polaski factors, this court must consider whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility.  Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987).  After reviewing the ALJ's decision and the record, we conclude the ALJ considered all the relevant evidence before him and properly discredited Shepherd's testimony regarding her subjective complaints.  See Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993) (subjective complaints of pain may be discounted if there are inconsistencies in the evidence as a whole).  Here, the objective medical evidence failed to support the severity of Shepherd's complaints and it contradicted her subjective assessment of her functional capacities.  See Barrett v. Shalala, 38 F.3d 1019, 1022 (8th Cir. 1994) (absence of objective medical evidence supporting claimant's subjective complaints of pain is proper factor for ALJ to consider).  Moreover, Shepherd's usual use of only Tylenol to control her pain, and her failure to seek aggressive treatment are inconsistent with a finding of disabling pain.  See Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988) ("failure to seek aggressive treatment is not suggestive of disabling back pain");

cf. <u>House v. Shalala</u>, 34 F.3d 691, 694 (8th Cir. 1994) (pain controlled by Tylenol, minimal medical treatment, and ability to perform variety of daily activities inconsistent with complaints of disabling pain).

We reject Shepherd's other claims as meritless. The hypothetical question the ALJ posed to the VE was proper because it set forth all the limitations which the ALJ accepted as true and were supported by the record. <u>See</u> <u>Haynes v. Shalala</u>, 26 F.3d 812, 815 (8th Cir. 1994) (court addressed challenge to hypothetical question despite ALJ's finding that claimant could perform past relevant work). Finally, a review of the record shows that the ALJ considered all the relevant evidence and did not over-emphasize one physician's report over that of Shepherd's treating physician; that after determining Shepherd's exertional and non-exertional impairments, the ALJ specifically considered the effects of each, singularly and in combination; and that even considering the new evidence submitted to the Appeals Council, substantial evidence supports the ALJ's decision to deny Shepherd benefits. <u>See</u> <u>Riley v. Shalala</u>, 18 F.3d 619, 623 (8th Cir. 1995) (standard of review).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.