# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1958

———————

Janice L. Huddle,                                     *
                                                      *
              Appellant,                              *
                                                      *   Appeal from the United States
       v.                                             *   District Court for the
                                                      *   Eastern District of Arkansas
Jo Anne B. Barnhart, Commissioner,                    *
Social Security Administration,                       *   [UNPUBLISHED]
                                                      *
              Appellee.                               *

———————

Submitted: July 15, 2005
Filed: August 2, 2005

———————

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

———————

PER CURIAM.

Janice L. Huddle appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas affirming the denial of disability insurance benefits (DIB). For reversal, Huddle argues (1) the administrative law judge (ALJ) failed to consider revisions to relevant administrative regulations; (2) the ALJ failed to advise her of her right to counsel; (3) the ALJ failed to give proper weight to her

———————

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

treating physicians' opinions; (4) she met the listings for spinal disorders and affective disorders; and (5) the record does not support the ALJ's finding that she could perform unskilled work. For the reasons discussed below, we affirm the judgment of the district court.

Huddle forfeited her first claim by not raising it in the district court, see Craig v. Apfel, 212 F.3d 433, 437 (8th Cir. 2000); but in any event, we note the ALJ considered the regulations that were in effect at the time of his ruling. Huddle's second claim is meritless, because she was advised of her right to counsel when her DIB application was initially denied and again when she received notice of her hearing. See Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990) (notice of hearing properly advised claimant of right to counsel).

We reject Huddle's remaining claims, because substantial evidence in the record supports the ALJ's findings. See Neal v. Barnhart, 405 F.3d 685, 688 (8th Cir. 2005) (standard of review). The ALJ properly weighed Dr. Denise Hollabaugh's and Dr. Terry Hunt's opinions, as the former was not supported by any data and was conclusory, and the latter was rendered before Huddle sought mental health treatment. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (treating physician's opinion is entitled to controlling weight if it is supported by acceptable clinical and diagnostic data, and is consistent with other substantial evidence in record); Holmstrom v. Massanari, 270 F.3d 715, 720-21 (8th Cir. 2001) (ALJ properly declined to give weight to treating physician's opinion where it consisted only of vague, conclusory statements). The ALJ properly found that (1) Huddle's spinal impairment did not equal Listing 1.05(C), because no physician had noted significant motor loss, muscle weakness, or sensory and reflex loss, see 20 C.F.R. pt. 404, subpt. P, App. 1, § 1.05C (2000); and (2) Huddle's mental impairment did not equal Listing 12.04, because she had only a slight restriction in her daily activities, moderate difficulty maintaining social functioning, moderate difficulty maintaining concentration, persistence, and pace, and moderate episodes of decompensation when

not on her medication, <u>see</u> 20 C.F.R. pt. 404, subpt. P, App. 1 § 12.04(B) (2000). Finally, the ALJ properly considered the medical evidence and found that Huddle could perform unskilled, medium work in spite of her physical and mental impairments.

Accordingly, we affirm.

_____