# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1638

———————

Shirley T. Lemay,

          Appellant,

v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

          Appellee.

     Appeal from the United States
     District Court for the
     Eastern District of Arkansas.

     [UNPUBLISHED]

———————

Submitted: May 12, 2006
Filed: May 18, 2006

———————

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Shirley Lemay appeals from the district court's[1] order affirming the denial of disability insurance benefits. In her September 1997 application, Lemay alleged disability due to a work-related back injury sustained on September 26, 1996. Her insured status expired on September 30, 1997.

———————

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

After a December 2002 hearing at which Lemay's medical records were admitted and she testified, the administrative law judge (ALJ) determined that, during the relevant time period, Lemay did not perform substantial gainful work; her chronic back pain was severe, but not of listing-level severity; her allegations of disabling pain were not fully credible; and, although she could not perform her past relevant work, she had the residual functional capacity to perform light-work jobs existing in significant numbers in the national economy. The ALJ thus concluded that Lemay was not disabled during the relevant time period.

We will affirm the ALJ's decision if it is supported by substantial evidence on the record as a whole. See Clark v. Shalala, 28 F.3d 828, 830 (8th Cir. 1994). Upon careful review of the record, we conclude that, contrary to Lemay's numerous arguments, the ALJ had no duty to develop the record further; the ALJ's findings sufficiently supported the decision to deny benefits; and substantial evidence on the record as a whole supported the ALJ's adverse credibility determination and final conclusion that Lemay was not disabled during the relevant time period.

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B.

_____