**Dorothy M. RILEY, Appellant,**

**v.**

**Donna E. SHALALA, Secretary, Department of Health and Human Services, Appellee.**

**No. 93–2736.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1994.

Decided March 11, 1994.

Counsel who presented argument on behalf of appellant was Anthony Bartels, Jonesboro, AR.

Counsel who presented argument on behalf of appellee was Martin W. Long, Dallas, TX.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In early 1991, Dorothy Riley applied for benefits as the disabled widow of a person covered by social security. *See* 42 U.S.C. § 402(e)(1), particularly § 402(e)(1)(B)(ii); *see also* 42 U.S.C. § 416(c), § 416(h)(1)(A), § 423(d)(1)(A), and 20 C.F.R. § 404.335, §§ 404.344–404.346. After initial denials in mid–1991 and a subsequent hearing before an administrative law judge in late 1991, Ms. Riley's application was again denied by the administrative law judge. *See* 42 U.S.C. § 405(b); *see also* 20 C.F.R. §§ 404.900–404.913, §§ 404.929–404.955. The Appeals Council of the Social Security Administration denied further review in mid–1992. *See* 20 C.F.R. §§ 404.967–404.981.

Ms. Riley filed in federal district court for judicial review of the administrative actions. *See* 42 U.S.C. § 405(g). On cross-motions for summary judgment, a magistrate judge recommended summary judgment for the government. In mid–1993, the district court adopted that recommendation and granted summary judgment to the government.

Ms. Riley appeals the order of the district court. She offers two arguments on appeal. First, she asserts that the administrative law judge was wrong in concluding that her physical impairments are not medically severe. Second, she asserts that the Appeals Council improperly disregarded evidence with respect to her mental impairments, and additional evidence with respect to her physical impairments, that she submitted to the Appeals Council after the administrative law judge's decision. After the appeal to this court was filed, Ms. Riley made two motions for remand for additional administrative proceedings; each cites additional doctors' reports submitted since the appeal. We deny those motions and affirm the order of the district court[1] granting summary judgment to the government.

### I.

Under the relevant statute, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The claimant has "the burden ... of showing ... that [s]he has a medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987).

There is a "five-step sequential evaluation process for determining whether a person is disabled. ... [If the claimant is not currently engaged in substantial gainful activity], the decisionmaker ... determines whether the claimant has a medically severe impairment or combination of impairments. ... [If the claimant has a severe impairment], the evaluation ... determines whether the impairment is equivalent to one of a number of listed impairments that [are considered as a matter of law to be] so severe as to preclude substantial gainful activity. ... If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to ... determine[ ] whether the impairment prevents the claimant from performing work [s]he has performed in the past. ... If the claimant cannot perform this work, the [last] step of the process determines whether [the claimant] is able to perform other work in the national economy in view of [her] age, education, and work experience. The claimant is entitled to disability benefits only if [s]he is not able to perform other work." *Id.* at 140–42, 107 S.Ct. at 2291; *see also* 20 C.F.R. § 404.-

---

1. The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry Caveneau, United States Magistrate Judge for the Eastern District of Arkansas. *See* 28 U.S.C. § 636(b)(1)(B).

1520(a), § 404.1520(c), § 404.1520(d), § 404.-1520(e), § 404.1520(f)(1).

■ In her applications prior to the hearing with the administrative law judge, Ms. Riley cited osteoarthritis (and associated pain and stiffness), high blood pressure, a recurring rash on her right hand, excessive sweating of hands and feet, and a permanently contracted finger on her left hand as the reasons for her claim to disability benefits. She cited those same problems in the hearing before the administrative law judge. Based on medical reports and the testimony given at the hearing, the administrative law judge found that Ms. Riley's impairments were not "medically severe," *Bowen v. Yuckert,* 482 U.S. at 140–41, 107 S.Ct. at 2291, either individually or in combination. The magistrate judge, and then the district court, held that there was substantial evidence "on the record as a whole" to support the findings of the administrative law judge. *Ghant v. Bowen,* 930 F.2d 633, 637 (8th Cir.1991); *see also* 42 U.S.C. § 405(g). We use the same standard for our review.

■ We have read the transcript of the hearing with the administrative law judge and have examined all of the exhibits submitted to the administrative law judge. In our view, the administrative law judge's determination that Ms. Riley's physical impairments were not medically severe is supported by substantial evidence on the record as a whole. We turn, then, to the problem of the doctors' reports submitted to the Appeals Council but not to the administrative law judge.

## II.

■ While Ms. Riley's appeal from the administrative law judge's decision was pending, she submitted two additional doctors' reports—one from an orthopedic specialist and one from a psychiatrist. In the appeal before this court, Ms. Riley seems to be offering two arguments with respect to those reports—first, that the Appeals Council improperly failed to consider those reports and, second, that even if the Appeals Council considered them, it wrongly concluded that they provided no basis for a grant of review of the administrative law judge's decision. We address each of those arguments in turn.

It is clear from the text of the Appeals Council's decision that the Appeals Council considered the reports. The Appeals Council's decision summarizes the content of each report and gives the reasons why those reports did not affect the Appeals Council's conclusion that the administrative law judge's decision was in accord with the weight of the evidence currently in the record (including the newly submitted reports). The Appeals Council thus explained why it was denying review even though Ms. Riley had submitted additional evidence. Under those circumstances, remand for consideration of the reports in the first instance is inappropriate. *See, e.g., Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir.1992); *see also* 20 C.F.R. § 404.-970(b).

■ Once it is clear that the Appeals Council has considered newly submitted evidence, we do not evaluate the Appeals Council's decision to deny review. Instead, our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson,* 966 F.2d at 366, and *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing. We consider this to be a peculiar task for a reviewing court.

Nonetheless, we have considered the reports submitted, both of which were based on examinations conducted after the administrative law judge's decision. As the magistrate judge, and then the district court, noted, the report from the orthopedic specialist is contradicted by the report from Ms. Riley's treating doctor. Since the orthopedic specialist saw Ms. Riley only once, it is entirely appropriate to give the orthopedic specialist's report less weight. *See, e.g., Henderson v. Sullivan,* 930 F.2d 19, 21 (8th Cir.1991).

The report from the psychiatrist deals with complaints that were never made before the administrative law judge. Accordingly, we must disregard that report. *See, e.g., Thomas v. Sullivan*, 928 F.2d 255, 261 (8th Cir. 1991), and *Williams v. Sullivan*, 905 F.2d 214, 216 n. 8 (8th Cir.1990); *see also Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 511–12 (9th Cir.1987). (We note that the psychiatrist's report may be used as the basis for a new application for benefits. *See, e.g., Thomas*, 928 F.2d at 261 n. 8, and *Sanchez*, 812 F.2d at 512.) We therefore agree with the district court that the two reports submitted to the Appeals Council do not change the conclusion that the administrative law judge's decision is supported by substantial evidence on the record as a whole.

### III.

Ms. Riley has submitted to this court several additional doctors' reports, all based on examinations conducted since the appeal to this court was filed. She moves for remand to the administrative law judge, citing those reports as new and material medical evidence justifying such a remand. *See, e.g.,* 42 U.S.C. § 405(g). After considering carefully those reports, we deny Ms. Riley's motions, since we find that the additional evidence submitted is cumulative and would not have changed the decision of the administrative law judge. *See, e.g., Woolf v. Shalala*, 3 F.3d 1210, 1214–15 (8th Cir.1993).

### IV.

For the reasons stated, we deny Ms. Riley's motions for remand; we affirm the order of the district court granting summary judgment to the government.