29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert P. MELBERG, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 93-3107MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 13, 1994.
Filed: June 28, 1994.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert P. Melberg appeals the district court's order affirming the Secretary's denial of social security disability insurance benefits and Supplemental Security Income. Melberg argues the Administrative Law Judge (ALJ) improperly discredited his subjective complaints of fatigue, improperly relied on the consulting physicians' opinions instead of the treating physician's opinion, and did not properly use the vocational expert's opinions. After careful review of the record, including the new evidence before the Appeals Council, see Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994), we conclude substantial evidence supports the Secretary's denial of benefits.
 
 
 2
 In reviewing whether the ALJ properly assessed Melberg's subjective complaints, we must decide whether the ALJ considered all the relevant evidence, and whether the evidence contradicted Melberg's complaints so that the ALJ could discredit them. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987); see Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ thoroughly reviewed Melberg's testimony about his daily activities, noted Melberg claimed disability from the date he was laid off from his job for reasons unrelated to his health, and noted Melberg had stopped taking fatigue medication without trying to adjust the dosage. Based on this evidence, we conclude the ALJ properly discredited the severity of Melberg's fatigue.
 
 
 3
 We disagree with Melberg that the ALJ relied on the consulting physicians' reports over the treating physician's report. Indeed, the ALJ relied extensively on the treating physician's report, but the treating physician made no findings about the extent of Melberg's fatigue or his ability to work. Last, we reject Melberg's argument that the ALJ should have relied on the vocational expert's opinion stating someone with a great enough need to rest throughout the day could not work. Having properly discredited the extent of Melberg's fatigue, the ALJ had no reason to rely on that opinion.
 
 
 4
 Accordingly, we affirm.