Jimmy **FOWLER**, Appellant,

v.

Donna E. **SHALALA**, Secretary of Health and Human Services, Appellee.

No. 94–2609.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1995.

Decided Feb. 6, 1995.

E. Gregory Wallace, Jonesboro, AR, argued (Anthony W. Bartels, on the brief), for appellant.

Pamela M. Wood, Dallas, TX, argued (Paula J. Casey, Gayla Fuller, and Joyce Shatteen, on the brief), for appellee.

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,* Senior District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Jimmy Fowler applied for federal disability benefits in mid–1991, citing pain in his back, neck, shoulders, arms, hips, and legs as of early 1991. *See* 42 U.S.C. § 423(a)(1). After a hearing, an administrative law judge denied Mr. Fowler's claim in late 1992. *See* 42 U.S.C. § 405(b). Mr. Fowler submitted additional evidence after the denial, but the Appeals Council of the Social Security Administration refused additional review. Shortly thereafter, Mr. Fowler sued in federal district court for judicial review of the denial of his claim. *See* 42 U.S.C. § 405(g). On cross-motions for summary judgment, a magistrate judge affirmed the administrative actions in mid–1994. Mr. Fowler appeals the decision of the magistrate judge.[1] We affirm.

### I.

The administrative law judge acknowledged that various doctors had diagnosed Mr. Fowler as having painful swelling and mild carpal tunnel syndrome in the left wrist, pain in the right wrist and elbow, and limited extension of the right elbow. The administrative law judge noted, however, that X-rays showed "only mild degenerative changes" in Mr. Fowler's back and shoulders and no abnormalities elsewhere, that one doctor had made "no objective findings of neurological compromise," and that another doctor had concluded that Mr. Fowler's complaints "were not supported by clinical findings." The administrative law judge himself credited to some extent Mr. Fowler's complaints of pain but discounted its severity, stating that Mr. Fowler obtains some relief with aspirin, does not use prescription pain medication, and has never been hospitalized for treatment of his pain.

Given those circumstances, the administrative law judge found that Mr. Fowler's "impairments are not ones that reasonably could be expected to give rise to the pain and limitations" alleged by Mr. Fowler. Since there was "no evidence of loss of use of [Mr. Fowler's] extremities or neurological or motor deficits," the administrative law judge concluded, Mr. Fowler "should be able to lift up to 20 pounds on occasion and 10 pounds frequently," is capable of "a reasonable amount of walking and standing," and thus retains the residual functional capacity for unskilled light work and is not disabled under the law. *See* 20 C.F.R. § 404.1567(b), § 404.1568(a), § 404.1569; *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 2, Rule 202.14.

On Mr. Fowler's request for additional review, the Appeals Council found that "the additional evidence [Mr. Fowler] submitted

---

* The HONORABLE JOHN B. JONES, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, acting by consent of the parties. *See* 28 U.S.C. § 636(c)(1), § 636(c)(3), and Fed.R.Civ.P. 73(a), 73(c).

... [was] consistent with the other medical evidence of record and does not warrant a change" in the administrative law judge's conclusion that Mr. Fowler could do unskilled light work. Although one additional doctor's report suggested "psychological testing," referral for mental health treatment, and referral to "a chronic pain management program," the Appeals Council stated, those "recommendations are not supported by any clinical findings" and therefore did not "warrant a change" in the administrative law judge's determination that Mr. Fowler's claim should be denied.

■ On appeal, Mr. Fowler first contends that the administrative law judge and the Appeals Council ignored the comments of several doctors suggesting that Mr. Fowler's repetitive gripping ability is limited and tends to aggravate his pain and the comments of one doctor suggesting that Mr. Fowler should not lift more than 10 pounds. Such a restriction, Mr. Fowler argues, would allow him to do unskilled sedentary work only; in combination with his age (50 years old at the time of the administrative law judge's hearing), such a restriction would render Mr. Fowler disabled under the law. *See* 20 C.F.R. § 404.1567(a), § 404.1568(a), § 404.1569; *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1, Rule 201.14.

We have examined all of the medical reports submitted, with special attention to those cited by Mr. Fowler on appeal. The doctors' reports with restrictions on Mr. Fowler's gripping ability all refer to "power grasping," "heavy lifting," and "repetitive tugging." We do not consider any of those activities to be included in the definition of unskilled light work, which peaks at "lifting no more than 20 pounds at a time." *See* 20 C.F.R. § 404.1567(b). The one doctor who recommended a limit of 10 pounds for any lifting called into doubt the validity of that recommendation, in our view, by his description of Mr. Fowler as having "no weakness of the hands" and being able to grip 37 pounds "on the right" and 62 pounds "on the left." That doctor further observed that Mr. Fowler "was able to make a fist, pinch, grasp and ... hold a pencil." Under these circumstances, we believe that the determination

that Mr. Fowler is not disabled under the law is indeed supported by substantial evidence "on the record as a whole." *See, e.g., Ghant v. Bowen,* 930 F.2d 633, 637 (8th Cir. 1991); *see also* 42 U.S.C. § 405(g).

## II.

■ Mr. Fowler asserts in addition, however, that the administrative law judge failed to develop the record adequately and that the Appeals Council failed to consider additional evidence submitted relating to certain nonexertional impairments suffered by Mr. Fowler—first, the inability to bend over and reach upward and, second, the effect of depression and anxiety on his ability to work at all. We do not agree.

We have examined all of the medical reports submitted. While the record in relation to Mr. Fowler's physical examinations is not as extensive as it might have been in a case where Mr. Fowler was represented by a lawyer from the beginning, we believe that it was adequate for the administrative law judge to have proceeded without further investigation on his part. We note that Mr. Fowler did have a lawyer when he requested review by the Appeals Council and when he submitted additional medical reports to the Appeals Council. We also note that the Appeals Council specifically acknowledged receipt of the additional reports submitted. With respect to Mr. Fowler's inability to bend over and reach upward, therefore, we conclude both that the Appeals Council considered all of the evidence submitted and that, even though the administrative law judge did not have access to all of that evidence, the determination that Mr. Fowler is not disabled under the law is supported by "substantial evidence on the record as a whole, including the new evidence submitted after the determination was made," *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994).

■ With respect to mental impairments suffered by Mr. Fowler, those complaints were never raised before the administrative law judge. While those impairments may be the basis for a new application for disability benefits, *see, e.g., id.* at 623, we do not consider them in evaluating the validity of the

administrative law judge's conclusion that Mr. Fowler is not disabled. *Id.*

### III.

For the reasons stated, therefore, we affirm the decision of the magistrate judge.