57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Alma B. FISHER, Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Appellee.
 No. 94-3821
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 12, 1995
Filed: June 20, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alma B. Fisher appeals from the district court's[1] order affirming the denial of disability insurance benefits. We affirm.
 
 
 2
 At a hearing before an administrative law judge (ALJ), Fisher testified she suffers from constant back pain, unrelieved by the medications she takes; she has pain and "popping" in both knees; she has no feeling in her right foot; and she has nerve deafness, which has worsened in the last three or four years. Fisher testified that she cannot sit or stand for extended periods of time, walk long distances, bend, stoop, or do any heavy lifting. She takes care of her own personal needs, cooks, and occasionally drives to the grocery store. The only other witness was Fisher's friend of five years, who testified that Fisher's hearing had deteriorated.
 
 
 3
 The ALJ found the medical evidence failed to establish the existence of any listed impairment. Considering the factors set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), the ALJ found Fisher's subjective complaints of severe pain and physical limitations were compromised by inconsistencies in the record. He found there was a lack of constant and frequent medical treatment for Fisher's most severe symptoms, and the nature and extent of her reported intake of medications did not substantiate the degree of her complaints of pain. The ALJ also found Fisher's allegations that physical activity aggravated her pain inconsistent with her testimony concerning her daily activities. Finally, the ALJ did not observe any difficulty with Fisher's understanding normal conversational speech during the hearing. He concluded that Fisher retained the residual functional capacity for the full range of light work; her past relevant work experience as a receptionist/cashier did not require more than light exertional work; and she was thus not disabled under 20 C.F.R. Sec. 404.1520(e).
 
 
 4
 On appeal, Fisher argues the ALJ erred in finding that her subjective allegations of severe pain, hearing loss, and physical limitations were not credible. We conclude that, after considering the Polaski factors, the ALJ stated adequate reasons for finding these complaints inconsistent with the record as a whole. See Robinson v. Sullivan, 956 F.2d 836, 839-40 (8th Cir. 1992). We further conclude that the ALJ's determination that Fisher was not disabled-because she had the residual functional capacity to perform her past relevant work as a receptionist-is supported by substantial evidence on the record as a whole, see Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992) (standard of review), even considering the new evidence before the Appeals Council, see Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).
 
 
 5
 Accordingly, we affirm.
 
 
 
 *
 As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for Donna E. Shalala pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)