_____

No. 95-3980

_____

Yvonne Thomas,                          *
                                        *
            Appellant,                  *
                                        *
     v.                                 *    Appeal from the United States
                                        *    District Court for the
Shirley S. Chater,                      *    Eastern District of Missouri.
Commissioner of Social Security         *
Administration,                         *         [UNPUBLISHED]
                                        *
            Appellee.                   *

_____

Submitted: October 7, 1996

Filed: October 22, 1996

_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.


     Yvonne Thomas appeals from the district court's[1] order affirming the
Commissioner of Social Security's decision to deny her supplemental
security income (SSI) benefits.  We affirm.


     Thomas applied for SSI benefits in February 1993, complaining of foot
problems.  Her application was denied initially and on reconsideration, and
she requested a hearing before an Administrative Law Judge (ALJ).


     At the September 1993 hearing, at which Thomas elected to proceed
without her counsel present, Thomas testified that she was

_____

     [1]The Honorable David D. Noce, United States Magistrate Judge
for the Eastern District of Missouri, to whom the case was referred
for final disposition by consent of the parties pursuant to 28
U.S.C. § 636(c).

born August 6, 1949, completed high school and attended college off and on for three years, was 5'6" tall, and weighed about 245 pounds. Her prior work experience consisted of work as a security guard, home health care nurse's aide, bakery worker, and key-punch operator and typist. She stated she had "heart attacks" in 1989 and 1991. Thomas stated that her foot problem began in 1991, and she went to the hospital complaining of pain and of falling down; she was given ibuprofen and then Naprosyn for the pain and a crutch to help her walk; she was diagnosed with osteoarthritis. She stated she did little housework, could stand on her feet for fifteen minutes, and was in constant pain.

A March 1993 consultative examination report noted only an abnormality in the ankles, and found minor arthritic changes in the metatarsal phalangeal joints, and flat feet; the doctor found good pulses and no actual edema. X-rays showed an accessory scaphoid bone, but otherwise no irregularities in the left or right foot and ankle. In progress notes from a podiatry clinic, Thomas reported that the prescribed Naprosyn helped relieve her pain.

The ALJ concluded that Thomas's minor arthritic changes in the metatarsal phlangeal joints limited her ability to perform work- related activities, but did not meet or equal any listed impairment. The ALJ noted the medical findings showed only minimal abnormalities, no doctor had opined she was unable to work, and there was no medical evidence substantiating her allegations of heart attacks. The ALJ concluded that Thomas had no impairment which precluded sedentary work; at most, she was prevented from prolonged walking, standing, or lifting beyond ten pounds, and thus, she could return to her past relevant work as a security monitor, typist, and key-punch operator. The ALJ, analyzing Thomas's subjective complaints under the standards set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), found that Thomas's complaints were not credible. Thus, the ALJ concluded Thomas was not disabled.

Thomas sought Appeals Council review and submitted an additional report from podiatrist M.D. Pawsat, stating that Thomas suffered from "severe osteoarthritis secondary to congenital pes plano [flatfootedness] valgus deformity bilateral which has failed to subdue with multiple conservative therapies," including taping, strappings, Unna boots and ankle/foot orthosis. Dr. Pawsat stated that Thomas's financial situation limited further treatment, including surgical correction of her deformity. The Appeals Council denied further review.

Thomas sought judicial review. The district court granted the Commissioner summary judgment. On appeal, Thomas reiterates the arguments she presented in her motion for summary judgment; in her reply brief, Thomas states she now weighs 300 pounds.

We conclude the Commissioner's decision is supported by substantial evidence on the record as a whole, including the new evidence submitted after the initial determination was made. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994). The objective evidence considered by the ALJ showed only minor arthritic abnormalities; although a report submitted to the Appeals Council indicated that Thomas had "severe osteoarthritis," the x-ray evidence did not support such a finding. Because that opinion is contradicted by the record, the Commissioner was correct in not considering it. See id.

Although the meager documentary evidence noted Thomas's pain, none of that evidence correlated the magnitude of Thomas's subjective complaints with the objective medical findings. The absence of objective medical evidence is a factor in assessing credibility. Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir. 1989). Moreover, Thomas's condition appears to be treatable, at least in part. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (impairment controlled by treatment is not disabling).

We also agree that Thomas's condition does not meet or equal any of the Listed Impairments. Thomas's contention in her reply brief that she now weighs 300 pounds may satisfy the listing for obesity, provided she has met the time requirements, but she will have to file another application. See 20 C.F.R. §§ 416.330(b); 416.909; Pt. 404, Subpt. P, App. 1 § 9.09 (Table II-Women).

Thomas argued the ALJ could not use, as prior relevant work experience, her typist position which she left in 1980, because it exceeded the fifteen-year limit under 20 C.F.R. § 404.1565. Thomas, however, applied for benefits in 1993 and was denied benefits in 1994, within the fifteen-year period. Finally, because the evidence supported that Thomas could sit for long periods and could lift occasionally, there was substantial evidence to support that she could perform sedentary work.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.