# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2484

_____

| | | |
|---|---|---|
| Joseph Tony Barton, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Kenneth S. Apfel, Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:   April 7, 1999

Filed:  May 17,  1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Joseph Tony Barton appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas affirming the Social Security Commissioner's denial of Barton's application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  For reversal appellant argues that the

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Administrative Law Judge (ALJ) did not adequately address his past relevant work and his capacity for performing it, did not shift the burden of proof to the Commissioner to show the existence of other jobs in the economy, did not properly evaluate his residual functional capacity (RFC), did not adequately reflect his limitations in the hypothetical question to the Vocational Expert (VE), did not properly explain the reasons for finding he did not have a listed impairment, and did not adequately evaluate his credibility. He also argues that the Appeals Council erred in not evaluating new and material evidence. For the reasons discussed below, we affirm the judgment of the district court.

Barton alleged disability due to borderline intelligence and arthritis of the right knee. He testified that he was 46 years old, he had a twelfth-grade education in special ed, he could read and write but was "real slow" in math, and he was divorced and homeless. Barton testified that he had worked for four years in the 1970s as a film technician for the Health Department, but he was fired from the job because his supervisor did not like him. Since that time, he had worked at "odd jobs." Barton testified that he has "kind of like an amnesia block," and that "once in a while" he will not remember having done something, such as signing papers. He also testified that he had pulled a muscle in his back over ten years earlier, and that he could not lift over 50 pounds. The ALJ found that Barton had severe impairments, but that they did not meet or equal a listed impairment. Based in part on VE testimony, the ALJ found that Barton retained the RFC to perform his past relevant work as a dishwasher and busboy, as well as the jobs of motel cleaner, office cleaner, poultry cleaner, and car wash attendant. Thus, he was not disabled. The Appeals Council considered additional evidence, but denied review.

We review the ALJ's decision to determine whether it is supported by substantial evidence on the record as a whole--that is, whether there exists relevant evidence that a reasonable person might accept as adequate to support a conclusion. See Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Where the Appeals Council considers new evidence, we do not evaluate the decision to deny review, but rather determine

whether the record as a whole, including the new evidence, supports the ALJ's determination.  See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).  We may also reverse the Commissioner's decision if the ALJ applies an erroneous legal standard. See Ingram v. Chater, 107 F.3d 598, 601 (8th Cir. 1997).

We believe that the ALJ adequately set forth his reasons for finding Barton did not have a listed impairment in the Psychiatric Review Technique Form attached to his opinion, and that substantial evidence in the record supported the ALJ's decision that Barton's impairment did not qualify as a listed impairment.  Barton's lowest reported IQ score was a performance IQ of 71.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05C (IQ of 60-70 plus other impairment imposing additional significant work-related limitation).

As to Barton's arguments that the ALJ did not properly evaluate his RFC, and that the ALJ's hypothetical question to the VE did not adequately reflect his impairments, we note that the only physical limitation Barton complained of in his hearing testimony was his inability to lift more than 50 pounds, which would limit him to medium work.  See 20 C.F.R. § 404.1567 (1998).  None of the jobs listed by the VE were classified as more than medium work.  As for mental limitations, the ALJ's opinion noted Barton's borderline IQ and learning disabilities, and the hypothetical included that Barton was slightly limited in his ability to remember and carry out instructions.  Further, the record supported the ALJ's assessment that Barton "seldom" had deficiencies of concentration, persistence, or pace, and thus the ALJ did not err in omitting any restriction in this area from the hypothetical.  See Ostronski v. Chater, 94 F.3d 413, 420 (8th Cir. 1996) (hypothetical need include only impairments supported by record); Bentley v. Shalala, 52 F.3d 784, 785-87 (8th Cir. 1995) (ALJ entitled to resolve conflicting evidence created by differing opinions of two mental health professionals).

In addition, the ALJ properly considered Barton's subjective complaints under Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). The ALJ also considered his combination of impairments. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (where ALJ found claimant did not have impairment or combination of impairments equaling listing and referred to evidence as a whole, ALJ considered combined effects of impairments); Gooch v. Secretary of Health & Human Servs., 833 F.2d 589, 592 (6th Cir. 1987) (per curiam) (where decision suggested ALJ considered combination of impairments, analyzed each impairment, and indicated decision was based on entire record, requiring more elaborate articulation of ALJ's thought processes would not be reasonable), cert. denied, 484 U.S. 1075 (1988).

Whether the ALJ properly classified Barton's prior jobs as past relevant work did not affect the ALJ's determination, because the VE testified Barton could perform those jobs and the ALJ went on to determine that Barton could perform other jobs existing in significant numbers in the economy. We note that an ALJ may properly deny benefits at more than one step of the sequential analysis. See, e.g., Householder v. Bowen, 861 F.2d 191, 191-92 (8th Cir. 1988); see also Murrell v. Shalala, 43 F.3d 1388, 1389 (10th Cir. 1994) (use of alternative holdings generally benefits everyone). The Secretary properly met the burden of proving other jobs existed in the economy by producing VE testimony regarding other jobs that Barton could perform. See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) (although ultimate burden of persuasion does not shift, burden of production shifts; Secretary satisfied burden by providing VE testimony as to availability of jobs).

Finally, we believe that the Appeals Council properly evaluated a psychologist's report and the affidavit of one of Barton's aunts submitted after the hearing and concluded this evidence did not require remand to the ALJ. See 20 C.F.R. § 404.970(b) (1998). Other evidence submitted on appeal was cumulative and would not have changed the ALJ's decision. See Riley v. Shalala, 18 F.3d 619, 623 (8th Cir. 1994).

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.