# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1788

_____

Mary Louise Duncan,                      *
                                         *
            Appellant,                   *
                                         *   Appeal from the United States
      v.                                 *   District Court for the
                                         *   Southern District of Iowa.
Jo Anne B. Barnhart, Commissioner        *
of Social Security,                      *
                                         *
            Appellee.                    *

_____

Submitted: March 10, 2004

Filed:  May 3, 2004

_____

Before WOLLMAN, HEANEY, and MURPHY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Mary Louise Duncan applied for Supplemental Security Income (SSI) benefits on March 26, 1999. She was denied benefits at each stage of the administrative process. She then sought judicial review, and the district court denied relief. She now appeals, and we reverse with directions to the district court to remand to the Commissioner to award benefits.

Duncan was 48 years old at the time of the hearing before the administrative law judge (ALJ). She has an eighth-grade education and functions at a marginal

intellectual level. Various men in her life have sexually abused her. She has a limited work history, never earning in excess of $1,000 per year. The ALJ found that Duncan has acute and chronic pancreatitis, a history of alcoholic hepatitis and cirrhosis of the liver, a history of asthma, gastroesophageal reflux disease, an antral ulcer, hypertension, degenerative changes of the cervical and thoracic spine with complaints of pain, chronic substance abuse, depression, and a history of post-traumatic stress disorder (related to her prior sexual abuse).

The ALJ found that Duncan's impairments were severe, but not equal to a disability listed in the Social Security regulations. See 20 C.F.R. § 416.925. While her impairments would prevent Duncan from returning to her past relevant work, the ALJ concluded that they did not combine to prevent her from performing less than a full range of light work but more than sedentary work. A vocational expert testified that she could perform the duties of a mail clerk, office machine operator, and photocopy operator, of which there were a significant number of jobs both in Iowa and the national economy.

In reaching his conclusion that Duncan could do the light work indicated by the vocational expert, the ALJ (1) gave little weight to Duncan's allegations that her back pain, hand pain, and foot problems were severe enough to preclude her from working; (2) found that Duncan's limited lifetime earnings was a substantial inducement to allege disabling symptoms; (3) determined that Duncan's continued smoking contributed to her inability to work because of shortness of breath or asthma; (4) stated that no treating physician has offered an opinion that she is disabled because of her physical limitations; (5) gave little weight to the conclusions of Eva Christiansen, Ph.D., a clinical psychologist, or Phyllis Singh, Ph.D., Duncan's treating psychotherapist, that Duncan was disabled because of her physical and mental limitations; and (6) concluded that based on the totality of the evidence, Duncan's restrictions are self-limiting and based on a lack of motivation to work.

"We review the Commissioner's decision to deny Social Security benefits to determine if the decision is supported by substantial evidence on the whole record." Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002). When undertaking this review, "we are to examine not only the evidence that supports the Commissioner's conclusion, but also evidence that may detract from it." Cox v. Barnhart, 345 F.3d 606, 608 (8th Cir. 2003).

At the outset, we disagree that substantial evidence in the record as a whole supports the ALJ's conclusion that Duncan's complaints are based on her lack of motivation to work, as opposed to being disabling. There is no medical evidence to support this view. Moreover, Duncan's history of sexual abuse, alcohol abuse, marginal intellectual functioning, depression, and major medical impairments, give weight to her complaints being real rather than feigned.

The medical evidence in this case fully supports a disability finding. Duncan is eligible for benefits because she suffers from post-traumatic stress disorder and depression pursuant to diagnostic guidelines. Eva Christensen, Ph.D., to whom Duncan was referred for a consultative examination, reported that Duncan suffered from post traumatic stress disorder, episodic alcohol abuse, and depression. She added:

> Ms. Duncan's ability to remember and understand instructions and procedures will be extremely uneven. At her most competent, she should be capable of a range of tasks, including a number at a detailed level. She seldom apparently functions at such a level. Attention, concentration and pace will reflect anxious or depressive states. Relationships have been variable, and several significant ones abusive. She reported adequate work place relationships. Judgment is likely to be uneven. Her ability to adjust to work place changes may be problematic.

(Tr. at 648 (emphasis added).)

The ALJ gave little weight to Dr. Christiansen's report because it was based on a single examination. If Dr. Christiansen was alone in her view, we would support the ALJ, but Dr. Christiansen's view is supported by that of Phyllis Singh, Ph.D., Duncan's long term treating psychotherapist. Dr. Singh diagnosed Duncan with depression, alcohol abuse, and multiple psychosocial and environmental problems related to a number of factors including recent deaths of family members, recent arrests of family members, past sexual abuse, and poverty. She noted that Duncan suffered from poor memory, sleep disturbance, difficulty thinking or concentrating, decreased energy, and pathological dependence.

The ALJ discounted Dr. Singh's opinion because she is not a physician and was internally inconsistent in her assessment of Duncan. As we recently held in Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003), an ALJ is not free to disregard the opinions of mental health providers simply because they are not medical doctors. This is consistent with the federal regualtions on the matter; 20 C.F.R. § 404.1513(a) lists nurse practitioners[1] and therapists as medical sources who can provide opinions as to an applicant's level of disability. In Shontos we stated,

> The amount of weight given to a medical opinion is to be governed by a number of factors including the examining relationship, the treatment relationship, consistency, specialization, and other factors. Generally, more weight is given to opinions of sources who have treated a claimant, and to those who are treating sources.

Id. Weighing these factors, we find Duncan's medical assessments from Drs. Christiansen and Singh to be credible and convincing evidence of Duncan's eligibility for SSI benefits.

---

[1]In addition to holding a doctoral degree, Christiansen is also a licensed Advanced Registered Nurse Practitioner (ARNP).

Moreover, we fail to find Dr. Singh's opinion internally inconsistent. The ALJ based this conclusion in part on Dr. Singh's opinion that Duncan could be expected to be absent from work more than three times a month,[2] which the ALJ believed conflicted with Dr. Singh's finding that Duncan's Global Assessment of Functioning (GAF) was 65, indicating Duncan functioned fairly well. We note that Dr. Singh assessed Duncan's highest GAF in the past year at 50, indicating serious symptoms or impairments. This figure is consistent with the remainder of Dr. Singh's report, which documented Duncan's mental impairments.[3] Dr. Singh treated Duncan over an extended period of time, and it was clear from her comments that she felt Duncan suffered significant mental impairments. Thus, while Dr. Singh's current GAF assessment of 65 may not have been consistent with the remainder of her opinion, the ALJ erred by simply disregarding the entirety of Dr. Singh's opinion, particularly when Dr. Singh otherwise consistently documented Duncan's disabilities.[4]

We do not quarrel with the ALJ's decision that Duncan had the residual functional capacity to perform the light work identified by the vocational expert. Given the combination of Duncan's physical and mental impairments, however, substantial evidence in the record as a whole simply does not support a finding that

---

[2]At the hearing, the vocational expert testified being absent from work more than three times a month would be a factor supporting a finding of disability.

[3]We agree that it is difficult to reconcile a current GAF of 65 with the finding that Duncan's highest GAF in the last year was 50; if her current score is 65, her highest GAF in the past year must be at least that figure. While more than likely this discrepancy has a simple explanation, the ALJ did not seek to have Dr. Singh explain it, leaving us with a barren record on the matter.

[4]We note that the ALJ did not see fit to have Dr. Singh testify about any purported inconsistencies in her report. In fact, the record does not reflect that the ALJ contacted Dr. Singh at all to explain what the ALJ found to be irreconcilable differences in her report. We question whether this approach is true to the ALJ's duty to fully and fairly develop the record.

Duncan had the emotional or mental capacity to work "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc); see also Gavin v. Heckler, 811 F.2d 1195 (8th Cir. 1987) (granting disability benefits to a claimant with a history of mental disorders and alcohol and drug related problems).

Accordingly, we reverse the judgment of the district court with instructions to remand to the Commissioner for an award of benefits.

———————————————