# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3495

———————

Dustin Sours,                                           *
                                                        *
            Appellant,                                  *
                                                        *   Appeal from the United States
      v.                                                *   District Court for the Western
                                                        *   District of Missouri.
Michael J. Astrue,                                      *
Commissioner of Social Security,                        *   [UNPUBLISHED]
                                                        *
            Appellee.                                   *

———————

Submitted: April 30, 2010
    Filed: May 7, 2010

———————

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Dustin Sours appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB) and supplemental security income (SSI). Sours alleged disability since February 2003 from, among other things, clubfeet, herniated discs, obesity, and depression. Following several hearings, and a remand by the Appeals Council, an administrative law judge (ALJ) found that certain of Sours's impairments

———————

[1]The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

were not severe; that the other impairments, while severe, did not meet the requirements of any listing, alone or combined; that Sours's subjective complaints were not fully credible; that his residual functional capacity (RFC) for sedentary work precluded his past relevant work; and that based on a vocational expert's response to the ALJ's hypothetical, Sours could perform certain unskilled sedentary jobs existing in substantial numbers in Missouri and nationally. The Appeals Council denied review.

We agree with the district court that the ALJ's decision is supported by substantial evidence on the record as a whole. See Van Vickle v. Astrue, 539 F.3d 825, 828 & n.2 (8th Cir. 2008) (standard of review); see also Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008) (if ALJ explicitly discredits claimant and gives good reasons for doing so, courts will normally defer to his judgment); Kirby v. Astrue, 500 F.3d 705, 707-08 (8th Cir. 2007) (impairment is not severe if it amounts only to slight abnormality that would not significantly limit claimant's physical or mental ability to do basic work activities; it is claimant's burden to establish his impairment is severe); Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005) (in determinating RFC, ALJ must first evaluate claimant's credibility; RFC must take into account all relevant evidence, including medical records and observations of treating physicians and others). We decline to consider the evidence and impairments Sours references for the first time on appeal, but if he now meets the requirements for SSI (as his insured status for DIB has expired), he should file a new application. See Fowler v. Shalala, 46 F.3d 876, 878-79 (8th Cir. 1995). Accordingly, we affirm.

_____