# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1242
_____

James Curtis Cusick

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: October 6, 2015
Filed: October 22, 2015
[Unpublished]
_____

Before SMITH, COLLOTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

James Curtis Cusick appeals the district court's[1] judgment affirming the Commissioner's denial of disability insurance benefits and supplemental security

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

income after his hearing before an administrative law judge (ALJ). For reversal, Cusick argues (1) the ALJ failed to properly evaluate the medical evidence and determine his residual functional capacity (RFC); (2) the ALJ failed to properly evaluate his subjective complaints and to support the credibility determination; and (3) the Commissioner and district court failed to consider new evidence presented to the Appeals Council.

Following careful review of the parties' submissions and the record before us, we conclude that substantial evidence in the record as a whole supports the ALJ's finding. See Perks v. Astrue, 687 F.3d 1086, 1091, 1093 (8th Cir. 2012) (standard of review). In particular, first, we conclude that the ALJ did not err in discounting the opinions of Dr. Beegle, because--among other reasons--the opinions were inconsistent with other substantial evidence of record, including the doctor's treatment notes; the opinions were based on subjective reports; and the treating relationship was brief. See Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007); Hacker v. Barnhart, 459 F.3d 934, 937-38 (8th Cir. 2006). Second, in making the RFC finding, the ALJ properly considered and weighed available medical and other relevant record evidence: the ALJ's finding was based on independent review of the medical records, the care providers' treatment notes, Cusick's medication and work history, and his record of treatment. See Cox v. Astrue, 495 F.3d 614, 619-20 (8th Cir. 2007). Third, in making his credibility findings, the ALJ considered requisite factors and provided valid reasons to support the findings. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000); Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010). Finally, the record shows that the post-hearing submissions were considered with the other record evidence. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____