**Robert Molloy WAKEFIELD, Jr., Plaintiff,**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant.**

**4:15–cv–218 RP–SBJ**

United States District Court, S.D. Iowa, Central Division.

Signed May 6, 2016

Timothy N. Tripp, Tripp, P.C., Pella, IA, for Plaintiff.

William C. Purdy, United States Attorney's Office, Des Moines, IA, for Defendant.

### ORDER

ROBERT W. PRATT, Judge, United States District Court

On March 16, 2016, the Court issued a Memorandum Opinion and Order reversing the Commissioner's decision with an award of benefits. Clerk's No. 14. Judgment was entered on March 18, 2016. Clerk's No. 5. The Commissioner filed a timely Motion to Alter or Amend the Court's Order on March 22, 2016. Clerk's No. 16. Plaintiff filed a response on April 5, 2016. Clerk's No. 17. The matter is fully submitted.

A Rule 59(e) motion is used to correct "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care v. P.T.–O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir.1998); *see also Barber ex rel. Barber v. Colorado Dep't of Rev.*, 562 F.3d 1222, 1228 (10th Cir.2009) (finding that Rule 59(e) is used to correct the court's perceived misunderstanding of the facts, a party's arguments, or the controlling law). The Seventh Circuit Court of Appeals has pointed out that "a 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000). In *United States v. Metro. St. Souis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006), the Court wrote that a district court's grant or denial of a Rule 59(e) motion is reviewed for abuse of discretion. "The term 'discretion' implies the absence of a hard-and-fast rule. . . . 'Discretion means the equitable deci-

sion of what is just and proper under the circumstances.' Bovier, Law Dict." *The steamship Styria v. Morgan,* 186 U.S. 1, 9, 22 S.Ct. 731, 46 L.Ed. 1027 (1902). Plaintiff argues that the Commissioner has not identified any errors which would require reconsideration under Rule 59(e). Nevertheless, the Court will consider each of the issues raised by the Commissioner.

The Commissioner makes three arguments in support of her motion: (I) the Court's decision was not supported by two Eighth Circuit cases, *Jenkins v. Apfel,* 196 F.3d 922 (8th Cir.1999), and *Riley v. Shalala,* 18 F.3d 619 (8th Cir.1994); (II) additional evidence that was submitted to the Appeals Council, but not considered by the ALJ, does not support Plaintiff's claim for benefits; and (III) remand for an award of benefits is not favored.

## I.

■ First, the Commissioner argues that the ALJ in this case had much more evidence before him than the ALJ in *Jenkins* and, therefore, the case does not support the Court's decision. In its prior Order, this Court cited *Jenkins* for the proposition that:

> In addition to evidence before the ALJ, the record includes evidence that was submitted after the hearing and considered by the Appeals Council in denying review. *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994). Evaluating such evidence requires us to determine how the ALJ would have weighed the newly submitted evidence if it had been presented at the original hearing. *Id.*

196 F.3d at 924; *see* Clerk's No. 14 at 19. Having again reviewed the record of this case, the Memorandum Opinion and Order filed on March 16, 2016, the cases cited by the Commissioner in her Motion, and the argument of Plaintiff in response to the Motion, the Court is not persuaded that the Judgment should be altered or

amended. Eighth Circuit cases, including *Jenkins* and *Riley,* require this Court to determine how evidence that has been submitted to the Appeals Council would have been weighed by the ALJ. The reviewing court must necessarily speculate on how the ALJ would have weighed the newly submitted reports if they had been available at the hearing. "We consider this to be a peculiar task for a reviewing court." *Riley,* 18 F.3d at 622.

In this case, treatment records from the treating psychiatrist and therapist were submitted to the Appeals Council. The Appeals Council received the evidence, but determined that the ALJ's decision was the final decision of the Commissioner. Because it was clear that the Appeals Council considered the new evidence, the role of the Court was limited to deciding whether the ALJ's determination was supported by substantial evidence on the record as a whole, including the new evidence. *Riley v. Shalala,* 18 F.3d at 622. This Court held that substantial evidence on the record as a whole did not support the final decision of the Commissioner, and finds no reason to alter or amend on that basis.

## II.

■ In the Motion to Alter or Amend, the Commissioner points to notations of activities she considers inconsistent with the diagnosis of obsessive compulsive disorder. For example, the Commissioner cites a notation that Plaintiff wanted to fix up a house and get it ready for sale (November 2013), that he went on some trips to help his sister sell dogs (January 2014), that Plaintiff left a therapy appointment early so he could have lunch with his wife and a friend (February 2014), and that he was helping a friend fix up a house (November 2014).

First of all, while the incidents noted by the Commissioner may indicate periods of

reduced symptoms, they do not indicate that Plaintiff has the ability to engage in substantial gainful activity. In *Andler v. Chater*, 100 F.3d 1389, 1392 (8th Cir.1996), the Court wrote:

> We are mindful that " '[i]t is inherent in psychotic illnesses that periods of remission will occur,' " and that such remission does not mean that the disability has ceased. *Miller v. Heckler*, 756 F.2d 679, 681 n. 2 (8th Cir.1985) (per curiam) (quoting *Dreste v. Heckler*, 741 F.2d 224, 226 n. 2 (8th Cir.1984) (per curiam)). Indeed, "one characteristic of mental illness is the presence of occasional symptom-free periods." *Poulin v. Bowen*, 817 F.2d 865, 875 (D.C.Cir.1987). Although the mere existence of symptom-free periods may negate a finding of disability when a physical ailment is alleged, symptom-free intervals do not necessarily compel such a finding when a mental disorder is the basis of a claim. *Id.* Unlike many physical impairments, it is extremely difficult to predict the course of mental illness. *Id.* Symptom-free intervals and brief remissions are generally of uncertain duration and marked by the impending possibility of relapse. *Id.*

As Dr. Dasari noted, Plaintiff's symptoms are significantly more complicated than being unable to touch objects. Dr. Dasari wrote that symptoms include self-doubt, intrusive thoughts, obsessions, compulsions of counting, checking, washing hands, and taking multiple showers. Tr. at 553. In spite of the activities noted in the Commissioner's brief, Dr. Dasari certified on March 12, 2014, that Plaintiff's obsessions and compulsions continue on a daily basis and render Plaintiff's permanently disabled. In *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir.1990), the Eighth Circuit held "that the ALJ must not substitute his opinions for those of the physician." Put another way, psychiatrists, not lawyers or judges, are the experts on men-

tal illness. *Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir.1995).

The Commissioner argues that Dr. Dasari's opinion is not entitled to controlling weight because it conflicted with his own treatment notes and is undermined by the conflicting opinion rendered by Dr. Martin after his one time evaluation. In *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015), the Court wrote that an ALJ must give controlling weight to a treating physician's opinion if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. Dr. Martin's opinion is not substantial evidence because it conflicts with the opinion of the treating physician, not the other way around. In *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir.2000), the Court wrote that no evidence, other than the opinion of non-treating physicians, supported the ALJ's residual functional capacity finding. The Court wrote: "These assessments alone cannot be considered substantial evidence in the face of the conflicting assessment of a treating physician. *See Henderson v. Sullivan*, 930 F.2d 19, 21 (8th Cir.1991)." In the opinion of this Court, there is no substantial evidence, including the treatment notes, which detracts from, or conflicts with Dr. Dasari's opinion.

## III.

The Commissioner argues that ordinarily, the district court should remand for additional consideration rather than for benefits because the ALJ's decision is entitled to abundant deference. In pertinent part, 42 U.S.C. § 405(g) states: "The court shall have the power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

Social Security, with or without remanding the cause for rehearing."

In *Cox v. Apfel*, cited by the Commissioner, the Eighth Circuit found that the ALJ had failed to develop the record on several issues, concluding that "[t]he record presented is inadequate for the purpose of determining whether Cox is disabled." 160 F.3d 1203, 1209 (8th Cir.1998). The case was, therefore, remanded for further proceedings and a new administrative decision. *Id.* On the other hand, the Eighth Circuit has made it clear that when the record before the reviewing court supports only one finding, a reversal with an order to award benefits is appropriate. For example, in *Duncan v. Barnhart*, the Court held that substantial evidence on the record as a whole did "not support a finding that Duncan had the emotional or mental capacity to work 'day in and day out in the sometimes competitive and stressful conditions in which real people work in the real world.'" 368 F.3d 820, 824 (8th Cir. 2004) (quoting *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc), and citing *Gavin v. Heckler*, 811 F.2d 1195 (8th Cir.1987)). The Court reversed and ordered an award of benefits to Duncan. *Id.* Similarly, in *Gavin v. Heckler*, the Court wrote: "[W]here the total record is overwhelmingly in support of a finding of disability and the claimant has demonstrated his disability by medical evidence on the record as a whole, we find no need to remand." 811 F.2d at 1201 (citations omitted). When the record contains substantial evidence supporting a finding of disability, then a reviewing court may issue an order granting benefits. *Parsons v. Heckler*, 739 F.2d 1334, 1341 (8th Cir. 1984).

In the case at bar, it was the holding of this Court that the final decision of the Commissioner, including the evidence presented to the Appeals Council, was not supported by substantial evidence on the record as a whole. The Court held that Plaintiff proved his case with medical evidence and the appropriate remedy was a reversal with an award of benefits. While the Court has carefully considered the Commissioner's arguments, it finds no basis to alter or amend its prior conclusions.

For all the foregoing reasons, the Commissioner's Motion is DENIED.

IT IS SO ORDERED.